**H. Gordon SINCLAIR**

v.

**John E. ANDERSON et al.**

Supreme Judicial Court of Maine.

Argued March 6, 1984.

Decided April 3, 1984.

Greenberg & Greenberg, Stanley Greenberg (orally), Portland, for plaintiff.

Murray, Plumb & Murray, John C. Bannon (orally), E. Stephen Murray, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

McKUSICK, Chief Justice.

On defendant John Anderson's appeal, we affirm the Superior Court's order approving a $20,000 attachment against his real estate.

On April 14, 1983, plaintiff H. Gordon Sinclair filed a complaint against Anderson and Charles Juris to recover money allegedly lent to defendants. By motion dated June 7, 1983, Sinclair sought approval of an attachment of defendants' real estate. Sinclair's affidavit accompanying his motion contained an averment that he lent defendants, in their individual capacities, $25,000 at 30% annual interest and that of that loan defendants had repaid $12,500. Taking the 30% interest rate into account, Sinclair's affidavit concluded that, as of April 10, 1983, defendants owed Sinclair $21,672.38. In opposition to the requested attachment, defendant Anderson filed an affidavit dated June 10, 1983, averring that Sinclair, as he knew, had invested money in a corporate venture and had not loaned money to Anderson or Juris individually.

After hearing the parties, the Superior Court on July 15, 1983, approved an attachment of defendants' real estate in a total amount not to exceed $20,000. Armed with that order, plaintiff Sinclair caused an attachment to be executed upon all real estate owned by defendant Anderson in Cumberland County. Anderson then took a timely appeal to this court.

■ On October 4, 1983, Anderson obtained the Superior Court's approval of an attachment bond pursuant to 14 M.R.S.A. § 4613 (1980) and the attachment was dissolved. Plaintiff argues that such substitution of a surety company bond for the attachment mooted Anderson's appeal from the order approving the attachment. We recognize that a split of authority exists on the question whether a defendant may continue to attack an attachment after he has obtained its discharge by providing a surety bond in its place. See Annot., 72 A.L.R. 120, 127–37 (1931); 7 C.J.S.. Attachment § 257 (1980). Although many courts have considered this issue in the context of the doctrines of waiver or estoppel, see, e.g., Pacific National Bank v. Mixter, 124 U.S. 721, 728, 8 S.Ct. 718, 721, 31 L.Ed. 567 (1888); Hanson v. Maryland National Insurance Co., 5 Ariz.App. 122, 423 P.2d 737 (1967), we do not find that line of analysis helpful. By defendant's substitution of a bond, he does not concede that the original attachment was valid. We prefer to analyze the question in terms of mootness, that is, whether "there remain sufficient practical effects flowing from the resolution of this litigation to justify the application of limited judicial resources." State v. Gleason, 404 A.2d 573, 578 (Me.1979). In the case at bar, Anderson continues to bear the burden of maintaining the bond by keeping cash security deposited with the bonding company. If the Superior Court should not have approved any attachment, we are in a position to grant Anderson meaningful relief by discharging the bond that he is forced to maintain in place of the attachment of his real estate. To that extent his appeal from the Superior Court's approval of a $20,000 attachment continues to represent a live controversy between the parties.

■ In approving the attachment, the Superior Court was required to find

that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment . . . .

M.R.Civ.P. 4A(c). The "reasonable likelihood of success" standard "connotes mere probability of success or a favorable chance of success," *Northeast Investment Co., Inc. v. Leisure Living Communities, Inc.,* 351 A.2d 845, 851–52 (Me.1976), and presents plaintiffs with a "relatively low hurdle to clear." *Precision Communications, Inc. v. Rodrigue,* 451 A.2d 300, 301 (Me.1982). On appeal, we do not engage in a *de novo* review of the affidavits presented to the Superior Court. Rather, we give "great deference . . . to the judgment of the trial court, and only a clear abuse of discretion will warrant reversal of an order approving attachment." *Id.*

■ Taking that deferential approach in our review of the Superior Court's attachment order, we find no merit in defendant Anderson's arguments that the Superior Court erred both in fixing the amount of the attachment at $20,000 and also in approving any attachment at all. The Superior Court could draw adequate support from Sinclair's sworn affidavit for concluding he had "a reasonable likelihood" of recovering a judgment of at least $20,000. The fact that defendant Anderson by affidavit took a different factual view of the transaction between the parties does not make the Superior Court's conclusion erroneous or in any way an abuse of discretion, in light of the record before it.

■ Defendant Anderson on appeal also argues that the Superior Court justice, in issuing his July 15, 1983, order approving a $20,000 real estate attachment, committed legal error by failing to restrict plaintiff in selecting what real estate to attach. Before the Superior Court, Anderson swore by affidavit (and without like contradiction from plaintiff) that he owned an equity in real estate at 194, 196, and 198 High Street in Portland worth more than $100,000; and he urged that the Superior Court, if it approved an attachment in any amount, should order that plaintiff could not attach any property other than that on High Street. On appeal he claims that omission of the requested limitation injured him by permitting an allegedly abusive attachment of more of his real estate than reasonably necessary to secure a $20,000 judgment.

We find no merit in this argument.[1] It is true that the Superior Court addressed only the amount of the attachment that could be placed on defendants' property, if any;[2] it did not concern itself with what real estate was owned by defendants and what of that real estate could or could not be attached. The Superior Court was correct in so limiting the action it took. Its order tracked closely Official Form 2E for "Order Approving Attachment and Trustee Process."[3] Both that official form and M.R.Civ.P. 4A(c) contemplate that the only issues in the hearing on a motion for approval of

1. We note the possible mootness of this final point argued by defendant Anderson on appeal. Except to the extent he may be claiming that the whole attachment approval order was vitiated by the fact that it by omission let plaintiff attach an allegedly excessive number of parcels of his real estate, this final argument does not attack the validity of the approval of a $20,000 attachment on some of his property. If Sinclair is entitled to be secured by *some* attachment in the amount of $20,000, we could not give Anderson any relief from the $20,000 bond he gave as substitute security, and thus our decision on his final point on appeal would be an advisory opinion on an abstract proposition. *Hazzard v. Westview Golf Club, Inc.,* 217 A.2d 217, 226 (Me.1966); *Fink v. Continental Found-*

*ry & Machine Co.,* 240 F.2d 369 (7th Cir.), *cert. denied,* 354 U.S. 938, 77 S.Ct. 1401, 1 L.Ed.2d 1538 (1957).

2. The July 15, 1983, order read in pertinent part:

IT IS HEREBY ORDERED AND ADJUDGED . . . that an attachment of real estate may be made against the Defendants' real estate in a total amount not to exceed twenty thousand ($20,000.00) dollars.

3. M.R.Civ.P. Form 2E reads in pertinent part:

IT IS ORDERED that attachment . . . may be made against the defendant's property in an amount of $_____.

attachment are (1) the amount of the judgment that the plaintiff had a reasonable likelihood of recovering and (2) the amount of any liability insurance or other security that is already available to satisfy the judgment.[4] Rule 4A(c) directs the Superior Court to make findings only on those issues. For sound reasons the hearing on an attachment motion is kept simple. It is not encumbered with litigation over what items of property are owned by the defendant and are available for attachment, their worth, their relative ease in being attached or later applied to satisfy a judgment, and all the other practical questions that are in the first instance to be decided by the plaintiff's attorney *after* the court has approved the amount of an attachment.

Defendant Anderson has failed to establish any reversible error in the Superior Court's order approving a real estate attachment in the amount of $20,000. Accordingly, he has not shown that he is entitled to any relief from the $20,000 surety bond he gave to discharge the attachment made pursuant to that order.

The entry is:

Order of the Superior Court dated July 15, 1983, approving attachment affirmed.

All concurring.

---

**4.** The case at bar did not involve the second issue, since without dispute plaintiff Sinclair had no other security from which to satisfy any judgment he might obtain.