**BOLGER PUBLICATIONS, INC., Bureau of Engraving, Inc., Daily Printing, Inc., Japs-Olson Company, Inc., The John Roberts Company, Inc., Meyer Printing Company, Viking Press, Inc., Plaintiffs,**

**v.**

**GRAPHIC COMMUNICATIONS INTERNATIONAL UNION LOCAL 229, AFL–CIO; CLC, a/k/a Graphic Arts International Union Local 229, AFL–CIO, CLC; Graphic Communications International Union Local 1B, AFL–CIO, CLC, a/k/a Graphic Arts International Union Local 1B, AFL–CIO, CLC; Graphic Communications International Union, AFL–CIO, CLC, a/k/a Graphic Arts International Union, AFL–CIO, CLC, Defendants.**

**No. Civ. 3–83–1070.**

United States District Court,
D. Minnesota,
Third Division.

Jan. 31, 1985.

James P. Mulvahill, Michael W. Unger, and Samuel D. Heins, Minneapolis, Minn., for defendants.

Steven C. Miller, and Charles Cox, Minneapolis, Minn., for plaintiffs.

## MEMORANDUM & ORDER

DEVITT, District Judge.

Defendants move for reconsideration of this court's order dated December 20, 1984, to the extent it held that their appeal from a magistrate's order was untimely. Plaintiffs oppose the motion and bring a counter motion for attorneys' fees.

Both motions are considered on their briefs, without oral arguments.

The sole issue before the court is whether Fed.R.Civ.P. 6(e) applies to appeals brought under Fed.R.Civ.P. 72(a). For the reasons which follow, the court holds that it does not.

Defendants in this labor dispute brought a discovery motion before the United States magistrate on November 19, 1984. The magistrate ruled from the bench, denying defendants' motion. One week later, on November 26, 1984, the magistrate entered a written order which was consistent with his oral ruling. The same day, the clerk of court mailed copies of the magistrate's order to all parties.

On December 10, 1984, or fourteen days after entry of the magistrate's order, defendants filed a notice of appeal pursuant to 28 U.S.C. § 636(b)(1)(A), Fed.R.Civ.P. 72(a), and Local Rule 14(B)(b).[1] This court held, in its December 20, 1984, order, that defendants' appeal was untimely. Defendants now seek reconsideration on this issue. It is undisputed that if Fed.R.Civ.P.

---

1. Rule 14(B)(b) of the Local Rules for the United States District Court for the District of Minnesota, dealing with non-dispositive pretrial matters, provides:

    Any party may appeal from a magistrate's determination made under this rule within ten (10) days after issuance of the magistrate's order, unless a different time is prescribed by the magistrate or a judge. Such party shall file with the clerk of court, and serve on all parties, a written notice of appeal which shall specifically designate the order or part thereof appealed from and the basis for objection thereto. A judge of the court shall consider the appeal and set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law. The judge may also reconsider any matter *sua sponte.*

6(e) applies to appeals of this nature, defendants' motion was timely.[2]

The language of Fed.R.Civ.P. 6(e) clearly states the instances to which the rule applies. It applies "whenever a party ... is required to ... take some proceedings within a prescribed period after the *service* of a notice or other paper upon him and the notice ... is served upon him by mail."

Fed.R.Civ.P. 72(a) does not require a party to take any action "within a prescribed period after the *service* of a notice or other paper." Rather, it requires a party to serve and file objections to a magistrate's order "within 10 days of the *entry* of the order." A similar requirement is imposed by Local Rule 14(B)(b).

Looking to the plain language of these rules, it is clear that the drafters did not intend Fed.R.Civ.P. 6(e) to apply to appeals brought under Fed.R.Civ.P. 72(a). If they had, they would have required a different procedure, as they did with appeals from magistrates' proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b); Local Rule 14(C)(b).

The conclusion reached by the court today is in accord with that reached by commentators who have considered this issue. *See,* Fed.R.Civ.P. 72 advisory committee notes; 7 J. Moore, J. Lucas & K. Sinclair, Jr., *Moore's Federal Practice* ¶ 72.03[6.–4] (2d ed. 1984); K. Sinclair, Jr., *Practice Before Federal Magistrates*, § 16.07, at 16–13 through 16–15 (1983).

Defendants rely on the case of *Fischer v. McGowan*, 585 F.Supp. 978 (D.R.I.1984) to support their argument. In *Fischer,* the court implied in dictum that Fed.R.Civ.P. 6(e) applied to an appeal before it which was brought under Fed.R.Civ.P. 72(a). *Id.* at 983 n. 10.

The facts of *Fischer,* however, clearly distinguish it from the case *sub judice.* In *Fischer,* a non-party was appealing from a magistrate's order compelling him to answer deposition questions. While it is not clear from the published opinion and order, · it appears that the magistrate did not rule from the bench. Instead, he filed an order which was mailed to the parties. Since the appealing party was not a party to the lawsuit, he did not receive a copy of the order or any notice of it having been filed. He appealed from the order within ten days after he learned of it, but more than ten days after its entry.

In holding that the deponent's appeal was timely, the court noted that "no precise time is prescribed for the filing of such an appeal by a non-party," and that "given the concatenation of extraordinary circumstances at bar, this court has little difficulty in holding that the deponent's appeal was seasonable." *Id.* at 983.

■ In the case at bar, the appeal is being taken by parties to the lawsuit. In fact, the appealing parties have brought similar appeals in the past and are presumably familiar with the applicable rules. The appealing parties were given an oral ruling on their motion at the time of the hearing, something not required of the magistrate. Since the magistrate's written order was not entered until a week later, this alone had the effect of adding seven days onto the time in which defendants had to prepare their appeal. Once entered, the appealing parties received prompt notice of the magistrate's written order. There being no "concatenation of extraordinary circumstances at bar," defendants' reliance on *Fischer v. McGowan* is misplaced.

Based on the foregoing,

IT IS ORDERED:

1. Upon reconsideration, this court's order of December 20, 1984, is AFFIRMED;

2. Plaintiffs' motion for attorneys' fees is DENIED.

---

**2.** Fed.R.Civ.P. 6(e) would add three days onto the time in which defendants had to file their appeal. This would have extended the time for appeal to Sunday, December 9, 1984, making their appeal, which was filed on Monday, December 10, 1984, timely. Fed.R.Civ.P. 6(a).