**GENERAL COMMERCE &
INDUSTRY, INC.**

v.

**HILLSIDE CONSTRUCTION
CO., INC., et al.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1989.
Decided Oct. 3, 1989.

**764**

John F. Lambert, Jr. (orally) Black, Lambert, Coffin & Haines, Portland, for plaintiff.

Grover G. Alexander (orally), Gray, for defendants.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
CLIFFORD, HORNBY, and COLLINS,
JJ.

McKUSICK, Chief Justice.

In its multicount complaint, plaintiff General Commerce & Industry, Inc., seeks damages from Hillside Construction Co., Inc.,[1] for willful removal of gravel from plaintiff's New Gloucester pit in violation of 14 M.R.S.A. § 7552 (Supp.1988) and for conversion of certain gravel processing equipment. The Superior Court (Cumberland County, *Brodrick, J.*) approved an attachment of $50,000 against defendant's property, finding a reasonable likelihood that plaintiff would recover at least that amount on its gravel claim. On appeal defendant challenges that finding, also contending that the Superior Court erred in refusing it a full testimonial hearing on plaintiff's attachment motion. Plaintiff cross-appeals, contending that the attachment should have been higher than $50,-000; it claims that its affidavits also established a reasonable likelihood of success on its equipment claim. We find no merit in either the appeal or cross-appeal.

Pursuant to a planned business venture with defendant, plaintiff purchased a gravel pit in New Gloucester in 1987 and gave defendant permission to remove and process gravel from it. The parties agreed that defendant would pay plaintiff $1 per yard for gravel removed. Plaintiff also purchased certain gravel processing equipment for defendant's use.

Facing financial difficulties, plaintiff voted to close the pit in June 1988 and instructed defendant not to remove any more gravel from the pit or to use plaintiff's equipment. Despite this warning, defendant continued to remove gravel. After repeating its warning, plaintiff in October of last year commenced this action and moved for approval of an attachment against defendant's property.

I.

*Testimonial Hearings on
Attachment Motions*

██ Defendant argues that the court's refusal to hold a full testimonial hearing on plaintiff's attachment motion is reversible error. That argument ignores the plain history of the attachment rules. Prior to 1973, prejudgment attachment was available to a plaintiff without court approval. The 1973 amendments to M.R.Civ.P. 4A and 4B were "made for the purpose of complying with the constitutional requirements of notice and hearing" laid down in *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and were not intended to mandate more than those basic requirements of due process. M.R.Civ.P. 4A advisory committee's note to 1973 amend., Field, McKusick & Wroth, *Maine Civil Practice* 61–65 (2d ed. Supp.1981). The rules as revised to satisfy *Fuentes* and its progeny authorize the trial court to hear the attachment motion solely on affidavits. The Supreme Court in *Fuentes* recognized that the constitutional demands of due process could be met without a testimonial hearing:

> Leeway remains to develop *a form of hearing that will minimize unnecessary cost and delay* while preserving the fairness and effectiveness of the hearing in preventing seizures of goods where

---

**1.** Plaintiff filed this action against both Hillside Construction Co., Inc., and an individual defendant. The attachment at issue on this appeal was, however, entered solely against defendant Hillside Construction Co., Inc. In this opinion, therefore, the term "defendant" will refer to that attachment defendant.

the party seeking the writ has little probability of succeeding on the merits of the dispute.

*Fuentes v. Shevin,* 407 U.S. at 97 n. 33, 92 S.Ct. at 2002 n. 33 (emphasis added). Although under M.R.Civ.P. 43(e) the trial court in its discretion may receive oral testimony on any motion, including one for an attachment, the court is under no constitutional or other requirement to do so.

■ Defendant sought a full testimonial hearing on plaintiff's attachment motion so it could cross-examine plaintiff's witnesses. In effect defendant sought a "mini-trial" on the merits of plaintiff's underlying claims. Such a hearing would go far beyond anything required by *Fuentes, see id.,* and would impose a pretrial burden on our trial courts beyond anything required by the revised attachment rules. *See Northeast Inv. Co. v. Leisure Living Communities, Inc.,* 351 A.2d 845, 852 (Me.1976). The Superior Court acted within its discretion in rejecting any claim of right to a testimonial hearing on an attachment motion.

## II.

### *Amount of Attachment on the Gravel Claim*

■ The reasonable likelihood standard of Rules 4A and 4B[2] presents a plaintiff seeking an attachment with a "relatively low hurdle to clear." *Precision Communications, Inc. v. Rodrigue,* 451 A.2d 300, 301 (Me.1982). On appeal we give great deference to the finding of the trial court. Only a clear abuse of discretion will warrant reversal. *Id. See also Sinclair v. Anderson,* 473 A.2d 872, 874 (Me.1984); *Bowman v. Dussault,* 425 A.2d 1325, 1328 (Me.1981). We will uphold the trial court's decision unless the record shows that plaintiff has "virtually no chance of recovery on [its] claim." *Herrick v. Theberge,* 474 A.2d 870, 874 (Me.1984).

■ Defendant's appeal challenges only the amount of the $50,000 attachment. On

the affidavits before the court, we find no reversible error in the court's determination. Plaintiff's private investigator as well as persons living near the pit observed defendant hauling gravel from the pit in quantities that at the parties' agreed price of $1 per yard, trebled as prescribed in 14 M.R.S.A. § 7552 (1980), amply supported the court's finding that plaintiff had a reasonable likelihood of recovering at least $36,000 in damages. In view of the low standard of proof required on an attachment motion, this appellate court cannot say that the trial court in any way erred in estimating that plaintiff's attorney fees and costs (also recoverable under 14 M.R.S.A. § 7552) and prejudgment interest (accruing at the rate of 8% per annum,[3] starting in October 1988) would in reasonable likelihood equal at least $14,000.

## III.

### *Likelihood of Recovery on the Equipment Claim*

■ The Superior Court concluded that plaintiff has no reasonable likelihood of recovering on its equipment conversion claim. Here the issue on appeal is not the amount of likely damages, but rather whether plaintiff is reasonably likely to prove defendant's liability on that claim. The court wrote: "I am not satisfied by the current state of the evidence that [plaintiff] has made a sufficient effort to recover the equipment." Since plaintiff had the burden of proof on its attachment motion, the court's adverse finding on this issue may be reversed on appeal only if the evidence in support of the attachment compelled the Superior Court to find that recovery on that claim was reasonably likely. *See Luce Co. v. Hoefler,* 464 A.2d 213, 215 (Me.1983). The evidence did not compel such a conclusion.

According to his affidavits, defendant's president had stated that plaintiff "may

---

**2.** M.R.Civ.P. 4A(c) and 4B(c) in relevant parts read: "[T]he order of approval [of attachment] may be entered only ... upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including

interest and costs, in an amount equal to or greater than the amount of the attachment...."

**3.** *See* 14 M.R.S.A. § 1602 (Supp.1988).

feel free to come and get [the equipment] at any time the proper arrangements can be made." The affidavits suggest that defendant never refused to turn over the equipment. Plaintiff presented no evidence that it had made any significant effort to recover the equipment. *See Chiappetta v. LeBlond*, 505 A.2d 783, 785 (Me. 1986). On its cross-appeal plaintiff shows no reversible error in the Superior Court's denial of any attachment on the equipment claim.

Judgment affirmed.

All concurring.