**COMBUSTION ENGINEERING, INC., Plaintiff,**

v.

**MILLER HYDRO GROUP, et al., Defendants.**

**Civ. No. 89–0168–P.**

United States District Court, D. Maine.

June 4, 1990.

---

John H. Montgomery, David A. Soley, Burnstein, Shur, Sawyer & Nelson, Portland, Me., for plaintiff.

George S. Isaacson, Lewiston, Me., for Miller Hydro.

Howard H. Dana, Portland, Me., for Kansallis.

James D. Poliquin, Portland, Me., Barry A. Bachrach, Worcester, Mass., for Alden Research.

## MEMORANDUM AND ORDER DENYING DEFENDANT'S OBJECTIONS TO THE ORDER OF THE MAGISTRATE

GENE CARTER, Chief Judge.

Defendant has filed objections to an order of attachment issued by the Magistrate after hearing. Plaintiff has moved to strike the objections as untimely filed and in the alternative opposes Defendants' objections. The Court hereby denies both Plaintiff's motion to strike and Defendant's objections to the Magistrate's order.

### Motion to Strike

The Magistrate's Order was signed, filed, and entered on the docket on February 14, 1990.[1] On March 5, 1990, Defendant filed its notice of appeal of the order under Fed.R.Civ.P. 72(a). The Magistrates Act does not set specific procedures or timetables for objections to a Magistrate's orders on nondispositive matters. 28 U.S.C. § 636(b)(1)(A); *see also* Fed.R.Civ.P. 72, Notes of Advisory Committee on Rules, Subdivision (a). Rule 72(a), which governs procedure before the Magistrate concerning nondispositive matters, provides, however, that "[t]he district judge to whom the case is assigned shall consider objections made by the parties, provided they are served and filed within 10 days after the entry of the order." Excluding intervening weekends and holidays in accordance with Fed.R.Civ.P. 6(a), ten days after the February 14 entry of the Magistrate's order in this case was March 1, 1990, and Defendant should have filed its objection on that date.

 Defendant argues that Fed.R.Civ.P. 6(e) applies to Rule 72(a) to extend the filing time by three days to allow for service by mail and that its Monday, March 5 filing was therefore timely. Rule 6(e), however, adds three days only when a party is required to do some act within a prescribed period after the *service* of a notice or other paper upon the party. Rule 72(a) explicitly requires objections to nondispositive motions to be filed ten days after *entry* of the order. Rule 6(e), therefore, does not apply to objections raised under Fed.R.Civ.P. 72(a).[2] *National Savings Bank v. Jefferson Bank,* 127 F.R.D. 218 (S.D.Fla.1989); *Bolger Publications, Inc. v. Graphic Communications International Union Local 229,* 601 F.Supp. 207 (D.Minn.1985).

 The Court in this case, however, will entertain Defendant's objections. The record shows that defense counsel's secretary called the office of the Clerk of Court seeking guidance on the due date for objections to the Magistrate's order and was informed that three days would be added to the ten prescribed, making Sunday, March

---

1. The dates of signing and filing are evident on the Order itself. It is the practice in this district to enter orders on the docket on the day they are filed. If entry is not made the same day, a notation showing date of entry is made on the docket.

2. Rule 6(e) does apply to objections raised to Magistrates' dispositive orders under Fed.R.Civ.P. 72(b). That subsection requires filing of objections within 10 days after being *served* with a copy of the recommended disposition. In support of its argument concerning deadlines for objections under subdivision (a), Defendant here mistakenly cited the Advisory Committee Notes for subdivision (b), which state that Rule 6(e) applies to that subdivision.

In *Grover v. Commercial Insurance Co.,* 104 F.R.D. 136, 138 (D.Me.1985), this Court described its practice of adding the three mailing days to the time required by Local Rule 19(c) for filing objections to motions even though rule 6(e) did not by its terms apply. The Court is not free, however, to develop practices that are contrary to the express language and the clear intent of the Federal Rules of Civil Procedure.

4 the due date.[3] Counsel's reliance on the information mistakenly provided by the Court is excusable neglect. Therefore, the Court will grant Defendant's motion for an enlargement of time under Fed.R.Civ.P. 6(b) and consider Defendant's objections to the Magistrate's order of attachment.

### Objections to Order of Attachment

■ Defendant first objects that the Magistrate should have denied the motion for attachment because Plaintiff failed to comply with the requirement of Local Rule 14 that the motion "specify the kind and location of the property to be attached or state the reasons why the kind and location of the property cannot be so specified." The motion itself speaks of the real and personal property of the Defendant, Miller Hydro Group. It does not reach the level of specificity envisioned by Rule 14. The requirement of specificity in the motion, however, is plainly designed to put the Defendant and the Court on notice of the property sought to be attached. The record indicates that, in all likelihood, prior to the hearing everyone concerned was on notice of the specific property Plaintiff sought to attach. In any event, at the hearing, after Defendant objected to the lack of specificity of the motion, Plaintiff set forth for the record the details of the attachment and trustee process it sought. Since the notice function of the rule was fulfilled and no harm was occasioned by the Plaintiff's failure to comply with Rule 14, the Court finds that no function would be served by hypertechnical adherence to the requirements of the local rule.[4]

■ According to Defendant, Plaintiff has also violated Local Rule 14 by failing to provide a certificate by Plaintiff's attorney of any liability insurance and any other attachment or trustee process which will be available to satisfy any judgment against the defendant. This requirement, however, pertains only to motions for *ex parte* orders and does not apply to plaintiff in this adversarial attachment proceeding.

■ Defendant next argues that the Magistrate refused to make findings of fact in connection with his consideration of the Motion for Attachment. Rule 4A requires a finding that

there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above the aggregate of any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment.

Me.R.Civ.P. 4A(c). The Magistrate made the appropriate findings in his order.[5] The rule requires no more. The Court's reading of the record does not support Defendant's contention that the Magistrate refused to make findings of fact.

The Maine Law Court has recently reiterated the standard of review on an appeal from the granting of a motion for attachment:

The reasonable likelihood standard of Rules 4A and 4B presents a plaintiff seeking an attachment with a 'relatively low hurdle to clear.' ... On appeal we give great deference to the finding of the

---

3. Since a period prescribed by the rules cannot end on a Sunday, Fed.R.Civ.P. 6(a), Defendant's filing on Monday, March 5 would have been timely had the three day mailing period applied.

4. The Court is aware that the Maine Law Court has said that the procedural requirements for attachment should be strictly adhered to, *Bowman v. Dussault*, 425 A.2d 1325, 1327 (Me.1981), and that Maine law governs attachment proceedings in the federal courts in Maine. *See* Fed.R.Civ.P. 64. It is clear, however, that the state rule of strict compliance was intended to implement fully state policies embodied in the state rules surrounding the extraordinary reme-

dy of attachment. Local Rule 14 imposes requirements for a motion for attachment beyond those set forth in M.R.Civ.P. 4A. This Court is the proper body to construe the local rule and the policies surrounding it and to determine whether strict compliance is required.

5. Local Rule 14, which was recited by the Magistrate in his order, requires virtually the same findings, but it does not include bonds and other securities in the aggregate which plaintiff's likelihood of recovery must exceed. The Maine rule controls. *See* Fed.R.Civ.P. 64 and 83; *see also,* note 8, *infra.*

trial court. Only a clear abuse of discretion will warrant reversal. ... We will uphold the trial court's decision unless the record shows that plaintiff has 'virtually no chance of recovery on [its] claim.' *General Commerce & Industry, Inc. v. Hillside Construction Co., Inc.*, 564 A.2d 763, 765 (Me.1989).[6] With its objection Defendant seems to suggest that the Magistrate abused his discretion by not making factual determinations and articulating the basis for his decision. The Court's review of the record, however, demonstrates that the Magistrate conducted an extensive hearing on this motion for which he was thoroughly prepared. After the hearing, he made the findings required of him and he tailored the attachment in response to some of the arguments made on the papers and at the hearing. It is evident that the Magistrate satisfactorily exercised the discretion entrusted to him.

■ At the hearing the Magistrate asked: "How can it be argued short of taking it upon myself to make factual determinations which otherwise would be made by the jury, to conclude that plaintiff is not entitled to the attachment that it seeks here, given the Maine case law which controls the matter?" Tr. at 27. Although Defendant suggests that this question demonstrates the Magistrate believed the mere filing of a claim was adequate to support an attachment, the argument is unpersuasive. Although Defendant here argued at length in response to the Magistrate's question that basically legal, rather than factual, contract issues were presented by Plaintiff's incentive bonus claims, the Court's review of the record indicates that the Magistrate might have found that the case presented critical factual contract issues. The Law Court has specifically re-

fused to find an abuse of discretion or clear error when the judge below, in considering an attachment, "could well have concluded that the case presented critical factual issues which, if resolved at trial in plaintiffs' favor, would result in judgment for the plaintiffs." *Beesley v. Landmark Realty, Inc.*, 464 A.2d 936, 937–38 (Me.1983).

■ Defendant also asserts that the Magistrate erroneously declined to consider the merits of Miller Hydro's counterclaim in making his determination of reasonable likelihood of success on the merits. Defendant bases this argument on the fact that in response to factual arguments concerning the counterclaim, the Magistrate asked: "But all of that goes to your counterclaim, doesn't it?" Tr. 34. The Court is unwilling to find abuse of discretion on the basis of such a question. Before asking the question, the Magistrate entertained extensive argument by Plaintiff on the merits of the counterclaim and its effect on the application for attachment, and he asked questions indicating that he was well-versed on the issue. When Defendant addressed some of the same issues, the Magistrate asked his question. The remark is far more easily understood as an attempt to put the discussion in perspective rather than as an indication that the Magistrate was unwilling to consider a specific argument. If the Magistrate's question were to suggest that he was dubious about the relevance of the counterclaim to the motion for attachment, Defendant's counsel then had the opportunity to and did argue the relationship between the counterclaim and Plaintiff's entitlement to the money it is seeking.[7]

Finally, Defendant argues that Plaintiff's claims are already secured in their

---

**6.** The Law Court in other decisions has stated that it reviews such determinations by application of "the usual clearly-erroneous and abuse-of-discretion standards." *Ingalls v. Brown*, 460 A.2d 1379, 1381 (Me.1983). This is fully consonant with the clearly erroneous standard to be applied by the court in reviewing nondispositive orders of the Magistrate. *See* F.R.Civ.P. 72(a).

**7.** The Court notes, too, that defense counsel acknowledged that "most likely our fraud counterclaim presents a triable issue of fact that

must be determined by a jury." Given this concession, the Magistrate too "might well have concluded that the case presented critical factual issues which, if resolved at trial in Plaintiff['s] favor, would result in judgment for the Plaintiff[ ]." *See Beesley*, 464 A.2d at 938. Thus, on this record, the Court could not find that the Magistrate abused his discretion by considering the counterclaim, but still granting the motion for attachment.

entirety by a mechanic's lien filed in the Androscoggin County registry of deeds. Rule 4A(c) provides that Plaintiff must show entitlement to recovery

> in an amount equal to or greater than the amount of the attachment over and above the aggregate of any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment.

Although Plaintiff filed a mechanic's lien in Androscoggin County, its attempt to enforce that lien in Maine Superior Court was rejected by a grant of summary judgment against it. The decision of the Superior Court is apparently on appeal.

■ The issue raised by the rule is not whether a notice of a lien claim has been filed. Rather Defendant must show that other security is available to satisfy the judgment. At present Plaintiff has a lien claim which has been determined under state law to be unenforceable. The Court, therefore, does not find clearly erroneous the Magistrate's finding that Defendant had not shown other security to be available to satisfy the judgment.[8]

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Strike be, and it is hereby, DENIED. It is FURTHER ORDERED that Defendant's Objections to the Magistrate's Order be, and they are hereby, DENIED.

SO ORDERED.

---

8. The Magistrate's exact finding was "that there is no liability insurance or any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy such judgment." The Court is satisfied from its review of the transcript that although the Magistrate recited the language from the Local Rule, which differs slightly from the Maine attachment rule, *see* note 5 *supra,* that his intent was to find that there were no impediments to the proposed attachment in the form of other attachments or security. The issue of other security was raised at the hearing and fully discussed, and the Magistrate asked a specific question about it. Therefore, the Court will, as Defendant has, treat the Magistrate's finding as one that Defendant has not shown other security available to satisfy any judgment.