SCOTT DUGAS TRUCKING & EXCAVATING, INC.

v.

HOMEPLACE BUILDING & REMODELING, INC., et al.

Supreme Judicial Court of Maine.

Argued Sept. 19, 1994.

Decided Dec. 15, 1994.

---

John F. Shepard, Jr. (orally), Shepard & Shepard, P.A., Freeport, for plaintiff.

Mary Lou Ciolfi (orally), Loyd, Bumgardner & Ciolfi, Brunswick, for Biette.

Robert E. Mittel (orally), Michael Asen, Mittel, Eggert, Hunter & Altshuler, Portland, for Homeplace Building, et al.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

The plaintiff, Scott Dugas Trucking and Excavating, Inc., appeals from an order of the Superior Court (Cumberland County, *Lipez, J.*) granting the motion of the trustees, Robert and Mary Biette, to dismiss the trustee process. Plaintiff argues that the court erred in failing to comply with 14 M.R.S.A. § 2616 (1980) governing third-party claims to trusteed goods and M.R.Civ.P. 19 governing joinder of parties. As an alternative ground for affirming the Superior Court's dismissal, the trustees argue that the court erred in not finding the entire amount of the debt contingent and therefore not subject to trustee process. The defendants, Homeplace Building and Remodeling, Inc. ("Homeplace") and A.B. Richards and Co., Inc. ("ABR"),[1] raise the issue of untimely service of the trustee process. We affirm the Superior Court's dismissal of the trustee process on the alternative ground of untimely service.

On April 23, 1991, plaintiff received a money judgment and execution against ABR. ABR had ceased business operations in January 1991 and transferred its assets to Homeplace. On September 28, 1992, plaintiff filed an action for a declaratory judgment that Homeplace was fully liable for the execution on the judgment against ABR. In an order dated April 28, 1994, the Superior Court (Cumberland County, *Lipez, J.*) held that Homeplace was liable to plaintiff on the execution issued previously against ABR.

Prior to the 1994 judgment, plaintiff filed a motion for leave to attach the defendants' property and for trustee process, which the Superior Court (*Perkins, J.*) granted on June 23, 1993. On July 25, 1993, thirty-two days later, plaintiff caused trustee process to be served on the trustees, who had entered into a home construction contract with Homeplace. Soon thereafter, the trustees disclosed that they owed about $46,545 to Homeplace for construction, a percentage of which was owed to subcontractors, who they later identified in subsequent disclosures. The defendants filed a motion to set aside the trustee summons because of untimely service. The trustees filed a motion to discharge themselves as trustees.

After a hearing, the Superior Court (Cumberland County, *Lipez, J.*) granted the motion to dismiss the trustee process and discharged the trustees. The court rejected the defendants' argument of untimely service of trustee process, found that $13,655 of the debt was contingent and therefore not subject to trustee process, and held also that the remainder of the debt was not susceptible to trustee process because plaintiff did not join the subcontractors as parties. Plaintiff filed a timely appeal.

An order dismissing a trustee process is immediately appealable by the plaintiff. *Casco Bank & Trust Co. v. Emery*, 416 A.2d 261, 263 (1980). We review the trial court's decision dismissing trustee process for clear error and abuse of discretion, *see Foley v. Jacques*, 627 A.2d 1008, 1009 (Me. 1993), as well as for error of law. Because

---

1. We refer to Homeplace and ABR collectively as defendants except where otherwise appropriate.

we affirm the Superior Court's dismissal of the trustee process for untimely service, we have no reason to discuss the remaining issues.[2]

■ As a preliminary point, contrary to plaintiff's argument, the defendants need not file notice of a cross appeal in order to raise the timely service issue on appeal. Although the Superior Court rejected the defendants' argument on untimely service, the court discharged the trustees on other grounds. Defendants may now raise the timely service issue to defend the judgment on this alternative ground. *Marxsen v. Board of Dir., M.S.A.D. No. 5*, 591 A.2d 867, 871–72 (Me. 1991) (finding that an appellee is not required to cross appeal in order to raise an alternative ground for affirmance of a judgment).

■ Pursuant to M.R.Civ.P. 4B(c), "[a]ny trustee process shall be served within 30 days after the date of the order approving the attachment." The order approving the attachment in this case was dated and entered in the court docket on June 23, 1993. A copy of the order was mailed to plaintiff the same day. Plaintiff made service on the trustees on July 25, 1993, which is more than 30 days after the date of the order. In ruling that service was timely, the Superior Court applied M.R.Civ.P. 6(d). This rule allows an additional three days "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail." M.R.Civ.P. 6(d). The logic behind this rule is that generally service by mail is complete upon mailing, M.R.Civ.P. 5(b), and therefore, three days is added to a prescribed time period for acts that follow such service. 1

Field, McKusick & Wroth, *Maine Civil Practice* § 6.9 at 181 (2d ed. 1970).

The instant case, however, is not a situation in which the prescribed period runs from the date of service. Rather, Rule 4B(c) requires trustee process to be "served within 30 days *after the date of the order* approving the attachment." (Emphasis added). The plain words of this rule lead us to conclude that the additional three days after service by mail provided for in Rule 6(d) does not apply to this situation.

Support for this conclusion comes from our decision in *City of Lewiston v. Maine State Employees Ass'n*, 638 A.2d 739, 742 (Me. 1994), in which we stated that the three-day extension after service by mail pursuant to M.R.Civ.P. 6(d) did not apply to a statutory appeal period that required a party to file a complaint "within 15 days of the date of *issuance* of the decision." 26 M.R.S.A. § 968(5)(F) (Supp.1994).[3] Support also is found in federal decisions interpreting an identical provision found in F.R.Civ.P. 6(e). *See* 4A Wright & Miller, *Federal Practice and Procedure* § 1171 at 513 n. 1 (1987 & Supp.1994); *see, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach*, 525 F.2d 1179, 1181 (8th Cir.1975) (finding that Rule 6(e) does not apply to computation of time for a notice of appeal because the time for appeal pursuant to the federal rules begins to run at the entry of judgment); *Combustion Eng'g. Inc. v. Miller Hydro Group*, 739 F.Supp. 666, 668 (D.Me.1990) (finding that Rule 6(e) does not apply to objections raised under the then current version of Fed.R.Civ.P. 72(a), which required that objections to a magistrate's order on nondispositive matters be filed ten days after entry of the order); *Shults v. Henderson*, 110 F.R.D. 102, 105 (W.D.N.Y.1986) (finding Rule 6(e) inapplicable to Rule 59 motion for new trial

2. The trustees ask that if we discharge them based on untimely service, that we make a separate ruling either on the further availability of trustee process or on the substantive issues raised in this appeal in order to avoid the same trustee process issues in plaintiff's post-judgment collection efforts. We decline the trustees' request because this is not a case of retrial in which the same issues would be almost certain to recur between the same parties. We will not speculate as to the future courses of conduct of

the parties to this case, and so exercise caution in deciding only that which is necessary to disposing of this appeal.

3. Although *Lewiston* involved the question of application of Rule 6(d) to a statutory time period, the statute (the Municipal Public Employees Labor Relations Law) incorporates the filing requirements of the Maine Rules of Civil Procedures. 26 M.R.S.A. § 968(5)(F).

because time runs from entry of judgment), *aff'd* 805 F.2d 391 (2d Cir.1986).

We affirm the court's judgment dismissing the trustee process and discharging the trustees on the basis of untimely service of the trustee process. We do not reach the other issues raised on appeal.

The entry is:

Judgment affirmed.

All concurring.