STATE OF MAINE
CUMBERLAND, ss

ENTERED JAN 1 4 2015

JAW-CUM-01-0675

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-14-20

STATE OF MAINE
Cumberland, ss, Clerk's Office

JAN 07 2015

RECEIVED

INHABITANTS AND REGISTERED
VOTERS OF FALMOUTH, MAINE, et al.,

Plaintiffs

v.

TOWN OF FALMOUTH,

Defendant

ORDER

This matter is before the court on defendant's motion to dismiss plaintiffs' complaint for judicial review under M.R. Civ. P. 80B. Defendant Town of Falmouth argues that the complaint was untimely filed, that the opposition was untimely, and that plaintiffs lack standing because they have not suffered any particularized injury. The court concludes that plaintiffs' complaint must be dismissed as untimely.

BACKGROUND

Plaintiffs are 16 registered voters and inhabitants of Falmouth, Maine. On March 24, 2014, the Falmouth town council voted, 5-2, to authorize the town manger for Falmouth to enter into a contract with Cumberland County for the county to provide tax-assessing services for the town. Falmouth's town charter establishes a division of assessment in the town to be headed by the town assessor. Plaintiffs complain that the town council's decision allowing

the county to provide tax-assessing services violates certain provisions of the town charter.

On April 22, 2014, plaintiffs filed a petition for judicial review under 30-A M.R.S. § 2108, which relates to the process a Town must follow to amend its town charter. Contemporaneous with that petition, plaintiffs also filed a motion to enlarge the time to file an 80B complaint under M.R. Civ. P. 6(b)(1). Defendant moved to dismiss the petition, and on August 18, 2014, the court granted the motion to dismiss the petition under Rule 30-A M.R.S. § 2108, concluding that plaintiffs were not alleging that the town charter had been improperly amended. The court also granted plaintiffs' motion to enlarge the time to file an 80B complaint to allow plaintiffs to file within 10 days of the court's order. On August 29, 2014, plaintiffs filed their Rule 80B complaint. The matter is fully briefed and ready for decision.

## DISCUSSION

The court's order granting plaintiffs' motion to enlarge the time to file under Rule 80B gave plaintiffs "ten (10) days from the date of this Order" to file. The order is dated August 18, 2014 and is stamped as received by the clerk on August 18, 2014. Plaintiffs did not file their 80B complaint until August 29, 2014, 11 days after the court's order.

Plaintiffs argue that they were entitled to an additional three days to file because they received notice of the court's order by mail. *See* M.R. Civ. P. 6(c) ("Whenever a party has the right or is required to do some act or take

2

some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period."). The time period allowed in the court's order, however, was not based on service but on the date of the order. When a rule or order specifies that a party shall have a prescribed period of time running from the date of an order, that party does not receive an additional three days for service by mail. *Scott Dugas Trucking & Excavating, Inc. v. Homeplace Bldg. & Remodeling, Inc.*, 651 A.2d 327, 329 (Me. 1994). Plaintiffs' complaint was untimely filed and will therefore be dismissed.

The entry is:

Defendant's motion to dismiss the complaint is GRANTED.[1]
Plaintiffs' Rule 80B complaint is DISMISSED with prejudice.

Dated: January 6, 2015

Joyce A. Wheeler
Justice, Superior Court

Plaintiffs-Jonathan Berry Esq
Defendant-David Sherman Esq/William Plouffe
                                        Esq

---

[1] The court will not address plaintiffs' motion for a trial and motion for specification of future course of proceedings because this matter is now dismissed.