STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2022-359

MICHAEL KELLY,

    Plaintiff,

v.

ANNE KELLY as personal
representative of the ESTATE OF
PHILIP F. KELLY,

    Defendant.

**ORDER ON DEFENDANT'S
MOTION TO DISMISS PETITION
OF MICHAEL KELLY TO
RESOLVE DISPUTED CLAIM**

Defendant Anne Kelly, as personal representative of the Estate of Philip F. Kelly,

filed a Motion to Dismiss Petition of Michael Kelly to Resolve Disputed Claim in the

Probate Court. The motion is now pending in this Court following removal from the

Probate Court. For the following reasons, the Court grants Defendant's motion and

dismisses Plaintiff Michael Kelly's Petition to Resolve Disputed Claim and Petition for

Allowance ("the Petition").

I.    **Background**

Philip F. Kelly ("Decedent") died testate on October 15, 2021. Informal probate

proceedings were initiated on February 23, 2022. On June 22, 2022, Plaintiff presented a

claim to Defendant for $839,394. The claim was based on a provision in a divorce

settlement agreement between Decedent and Plaintiff's mother, Flora Kelly, that

purportedly required Decedent to make either a lifetime or testamentary gift of certain

shares of stock to Plaintiff. On August 12, 2022, Defendant mailed a notice of disallowance

("the Notice of Disallowance") of Plaintiff's claim.

Entered on the Docket: 11/ 8/ 2022

REC'D CUMB CLERKS OFC
NOV 8 '22 PM3:17

On October 12, 2022, Plaintiff filed the Petition. The Notice of Disallowance is referenced in and attached to the Petition. Defendant filed a Motion to Dismiss Petition on October 14, 2022. Finally, Defendant filed a Notice of Removal on October 25, 2022, and all papers were forwarded to this Court by the Register of Probate on October 27, 2022.

## II. Legal Standard

Once a matter is removed from Probate Court to the Superior Court, "the action shall be prosecuted in the Superior Court as if originally commenced therein." M.R. Prob. P. 71A(b). Accordingly, Maine Rule of Civil Procedure 12 governs a motion to dismiss a petition after removal.[1] Pursuant to M.R. Civ. P. 12, a party may move to dismiss a complaint for: "(1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."

"The general rule is that only the facts alleged in the complaint may be considered on a motion to dismiss and must be assumed as true." *Doe v. Bd. of Osteopathic Licensure*, 2020 ME 134, ¶ 6, 242 A.3d 182. The Court may also consider documents that are central to the plaintiff's claim and documents referred to in the complaint without converting the motion to a motion for summary judgment.[2] *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43.

## III. Discussion

---

[1] M.R. Civ. P. 12 also governs procedure in civil proceedings in the Probate Court. *See* M.R. Prob. P. 12(b).
[2] Although Defendant attaches an affidavit and an exhibit to her motion, the Court can consider this as a motion to dismiss rather than a motion for summary judgment because the exhibit attached to her motion is the Notice of Disallowance, which is also referenced in and attached to the Petition.

Defendant argues that the Petition is time-barred by section 3-804 of the Probate Code, 18-C M.R.S. §§ 1-101 to 10-118 (2022).[3] Dismissal on statute of limitations grounds is proper if it is clear on the face of the complaint that the action is time-barred. *See Packgen, Inc. v. Bernstein*, 2019 ME 90, ¶ 17, 209 A.3d 116.

Section 3-804 of the Probate Code provides:

> If a claim is presented under subsection 1, no proceeding on the claim may be commenced more than 60 days after the personal representative has mailed a notice of disallowance; but, in the case of a claim that is not presently due or that is contingent or unliquidated, the personal representative may consent to an extension of the 60-day period or, to avoid injustice, the court on petition may order an extension of the 60-day period, but in no event may the extension run beyond the applicable statute of limitations.

Similarly, section 3-806 provides:

> Every claim that is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than 60 days after the mailing of the notice of disallowance or partial allowance if the notice warns the claimant of the impending bar.

The Law Court has held that similar language in prior versions of 3-804 and 3-806 was "plain, unambiguous, and mandatory." *Est. of Staples*, 672 A.2d 99, 101 (Me. 1996). Thus, failure to commence an action within sixty days bars any proceeding on a claim, subject only to the limited exceptions provided in the statute. *See id;* 18-C M.R.S. § 3-804.

The Notice of Disallowance includes a "notice to claimant and warning" regarding the 60-day deadline and clearly states that Defendant mailed the Notice of Disallowance on August 12, 2022. The parties agree that October 11, 2022, is sixty days after August 12, 2022. The Court reaches the same conclusion following the computation rules of M.R.

---

[3] Although Defendant specifically references Rule 12(b)(1), her argument that the petition is time-barred is a Rule 12(b)(6) argument. The Court will review the petition in the light most favorable to Plaintiff, according to the Rule 12(b)(6) standard. *Bonney v. Stephens Mem'l Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123.

Civ. P. 6(a). Plaintiff contends, however, that the sixty-day deadline should be extended by three days by operation of M.R. Civ. P. 6(c), which provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

Plaintiff's argument is unavailing. By the language of the statute, the sixty-day period does not begin upon *service* of a notice of disallowance, but upon *mailing* of a notice of disallowance. M.R. Civ. P. 6(c), therefore, does not apply to extend the deadline. *See Scott Dugas Trucking & Excavating v. Homeplace Bldg. & Remodeling*, 651 A.2d 327, 329 (Me. 1994) ("The instant case, however, is not a situation in which the prescribed period runs from the date of service. Rather, Rule 4B(c) requires trustee process to be 'served within 30 days after the date of the order approving the attachment.' . . . Rule 6(d) does not apply to this situation.")

Nor can the Court grant an extension. The claim does not fall into one of the categories of claims for which extensions may be granted pursuant to section 3-804 (i.e., the claim is not for a debt that is "not presently due or . . . contingent or unliquidated"). Even if the claim was eligible for an extension, no petition for extension has been presented to the Court, nor has the personal representative consented to an extension.

Thus, any petition in response to Defendant's disallowance of Plaintiff's claim was due on or before October 11, 2022. The Petition, filed on October 12, 2022, is time-barred.

## IV.  Conclusion

In conclusion, the Petition is time-barred and must be dismissed.

The entry is:

Defendant's Motion to Dismiss Petition of Michael Kelly to Resolve Disputed Claim is GRANTED. Plaintiff's Petition is DISMISSED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___11/08/2022___

_____
MaryGay Kennedy, Justice
Maine Superior Court