John PUGLISI, Plaintiff,

v.

UNDERHILL TAXPAYERS
ASSOCIATION,
Defendants.

John PUGLISI, Plaintiff,

v.

Richard CARROLL, Individually and as Building Inspector of the Village of Tuckahoe, Mathew A. Marino, Sheila R. Clarke and Jess Nicotera, Individually and as members of the Board of Trustees of the Village of Tuckahoe, and Philip A. White, Individually and as Mayor of the Village of Tuckahoe, Defendants.

Nos. 93 Civ. 8070 (CBM),
94 Civ. 5754 (CBM).

United States District Court,
S.D. New York.

Dec. 21, 1994.

Memorandum Opinion On Motion
To Transfer To White Plains
Courthouse

MOTLEY, District Judge.

These two consolidated actions are now before the court on the third motion of defendants in the above entitled action, *Puglisi v. Carroll,* 94 Civ. 5754 (CBM), to transfer their case to the White Plains Courthouse. The original action before this court was *Puglisi v. Underhill Park Taxpayers Assoc., et al.,* 93 Civ. 8070, which was filed in the Foley Square Courthouse on November 23, 1993. It was assigned to the undersigned judge shortly thereafter.

The second case, known as *Puglisi v. Carroll,* the instant case, was filed in Foley Square on August 8, 1994.

The *Carroll* case was never transferred from the White Plains Courthouse to Foley Square as defendants incorrectly assert.

On August 24, 1994, the undersigned accepted the *Carroll* case as a related case to the *Underhill* case pursuant to Rule 15 of the Rules for the Division of Business Among District Judges of this Court.

On September 16, 1994, in open court, the *Carroll* defendants had requested, orally, by their counsel, that their case be transferred to the White Plains Courthouse. On September 28, 1994, this court entered an order denying defendants' request for a transfer of the *Carroll* case to White Plains. The motion was denied on the ground that parties have obtained no enforceable rights under this court's Rules for the Division of Business Among District Judges, as the Preamble to those Rules recites. The oral motion had been based solely on the Division of Business Rules, Rule 21, with respect to which cases are to be designated by a plaintiff for assignment to White Plains.

On November 18, 1994, this court consolidated the two cases. It set aside the default judgment that had been previously entered against the original defendants in the *Underhill* case.

Thereafter, the *Underhill* defendants filed their answer on December 7, 1994.

The *Carroll* defendants filed their answer on September 20, 1994.

On November 21, 1994, the *Carroll* defendants filed their second motion to transfer their case to White Plains. This motion was based on the additional grounds set forth in 28 U.S.C. §§ 1404(a) and 1406(a).

On December 8, 1994, this court denied the *Carroll* defendants' second motion to transfer their case to White Plains, which this court viewed as an attempt to have the court reconsider its September 28, 1994 order.

This court now denies defendants' present request to transfer pursuant to the Division of Business Rule 22 and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) filed December 14, 1994.

■ The motion is untimely because the court denied the first oral application for transfer on September 28, 1994. The second motion on November 21, 1994, was construed by this court as a motion to reconsider. The court construes the instant motion as a second motion to reconsider.

■ Defendants failed to request reconsideration of the first motion within the allowed time limits. According to Rule 3(j) of the Local Rules for the Southern and Eastern District Courts, "a notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion." Moreover, the court notes that there are no undue hardships on either party with respect to litigating these cases together in Foley Square. Defendants' have failed to show that they are unduly burdened by litigating in Foley Square rather than in White Plains. However, it is clear that defendants are relying primarily on the Division of Business Rule 22 which provides as follows:

> The attorney for any other party may move for the reassignment of the case to the other place of holding court (within seven days for criminal cases), or the judge to whom the case is assigned may reassign it sua sponte, in the interest of justice or sound judicial administration. If the judge to whom the case is assigned rules that it should be reassigned, it is sent to the clerk for reassignment. If upon reassignment there is a dispute as to the proper place of holding court, it will be referred to the Assignment Committee for final determination. If the case is reassigned, it will be reassigned as if it were a new filing, but will retain its original case number.

The first action has been before the undersigned since November 23, 1993. These actions are unquestionably related—involving the same parties in each action and the same issues. In the first case it is alleged, in essence, that the defendant individuals conspired to injure the plaintiff in his property rights. In the second case it is alleged, in substance, that the defendant city officials conspired with the individual defendants to so injure the plaintiff.

■ The related case rule, Division of Business Rule 27, is also applicable here. That Rule provides as follows, "Related cases are heard at the place of holding court where the earliest case was filed."

Finally, it would be a waste of judicial resources to transfer the *Carroll* case to White Plains and begin anew before another Judge of this District and run the risk of inconsistent findings and rulings.

Defendants' motion to transfer is denied for the third time.

SO ORDERED