**ERBACCI, CERONE, AND MORIARTY, LTD.**, as successor to, Erbacci, Syracuse & Cerone Ltd., Anthony G. Erbacci, and Jack P. Cerone, individually and d/b/a Marble Insurance Agency, Plaintiffs,

v.

**UNITED STATES of America; International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO; Charles M. Carberry, as Investigations Officer; Frederick B. Lacey, as Independent Adminis-**trator; **International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO, Local 738; International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO, Local 726; International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO, Local 727, Defendants.**

No. 96 Civ. 1664 (DNE).

United States District Court,
S.D. New York.

April 10, 1996.

Aldo E. Botti, Peter M. DeLongis, Ronald D. Menna, Oakbrook, IL, Martin M. Schmuckler, New York City, for plaintiffs.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

Plaintiffs move this Court to extend plaintiffs' time to respond to defendants' respective motions to dismiss, brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b). Because this motion is not properly before this Court, the motion is denied.

Plaintiffs' attorneys, Aldo E. Botti ("Botti"), Peter M. DeLongis ("DeLongis"), and Ronald D. Menna ("Menna") (collectively "plaintiffs' attorneys" or "plaintiffs' counsel") have also applied to this Court to be admitted *pro hac vice*. Because plaintiffs' attorneys have demonstrated a serious lack of understanding regarding appropriate practice before this Court, plaintiffs' attorneys' application is denied with prejudice.

## BACKGROUND

Plaintiffs originally brought the instant case in the United States District Court for the Northern District of Illinois. Thereafter, the United States of America ("the Government") moved this Court to enjoin plaintiffs from pursuing this case in any court or fo-

rum other than this Court.[1] In response to the Government's motion, plaintiffs asserted that this Court should not issue an injunction. Moreover, plaintiffs' attorneys applied to this Court for admission *pro hac vice*. Plaintiffs' local counsel Martin M. Schmuckler—who is admitted to practice before this Court—signed both plaintiffs' papers in response to the Government's motion for an injunction and the motion to admit plaintiffs' attorneys *pro hac vice*. In an Opinion and Order, this Court enjoined plaintiffs from pursuing the instant litigation in any court or forum other than this Court. *See United States v. International Bhd. of Teamsters, et al.*, 911 F.Supp. 743 (S.D.N.Y.1996).

In the same Opinion and Order, this Court also denied plaintiffs' counsels' application for admission *pro hac vice* without prejudice. This Court stated that "[b]efore plaintiffs' attorneys may appear before this Court, this Court must have some reasonable assurance that these attorneys are familiar with the Local Rules and this Court's Individual Rules." *Id.* at 754. This Court found that "[f]ar from demonstrating such familiarity, however, plaintiffs' attorneys have submitted papers that violate these rules." *Id.* Citing several violations of the Local Rules and this Court's Individual Rules in plaintiffs' papers, this Court expressed "grave doubts regarding the truthfulness of the statement that each of plaintiffs' attorneys made in his affidavit: 'I have read and am familiar with ... Rules of the United States District [sic] for the Southern and Eastern Districts of New York.'" *Id.* Moreover, this Court was "particularly troubled by the fact that plaintiffs' attorneys respectively made this representation to this Court 'on oath' in sworn affidavits." *Id.*

After this Court enjoined plaintiffs from pursuing the instant litigation in any court or forum other than this Court, the instant case was transferred to this Court from the United States District Court for the Northern District of Illinois. After this transfer, defendants respectively filed motions to dismiss. Defendants, however, set different return dates for their respective motions to dismiss. These dates range from April 15, 1996, to May 1, 1996.

In the instant motion for an extension of time, brought pursuant to Rule 6(b), plaintiffs argue that this Court should extend plaintiffs' time to answer all of these motions to dismiss until May 8, 1996. (Plaintiffs' FRCP 6(b) Memorandum of Law in Support of Their Motion To Consolidate Briefing Schedules and Extend Time at 4.) Plaintiffs assert that, in order to promote judicial economy, this Court should set a unified date for plaintiffs' response to all of defendants' respective motions to dismiss. *Id.* at 4. Plaintiffs claim that many of the arguments that defendants raise in their respective motions are identical, and therefore, by filing one brief in response to all of these motions, plaintiffs could avoid the burden of preparing multiple submissions, and the Court could avoid the burden of reviewing such submissions.

## DISCUSSION

In relevant part, Rule 6(b) states: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period en-

---

1. The Government asserted that plaintiffs should be enjoined from pursuing the instant litigation in any court or forum other than this Court because the instant litigation is related to this Court's oversight of the consent order ("the Consent Decree") in *United States v. International Bhd. of Teamsters, et al.*, 88 Civ. 4486. As part of this Court's oversight over the Consent Decree, and pursuant to this Court's authority under the All Writs Act, 28 U.S.C. § 1651(a), this Court enjoined all "local unions, joint councils, area conferences, and other entities affiliated with the IBT ... from filing or taking any legal action that challenges, impedes, seeks review of or relief

from, or seeks to prevent or delay any act of any of the court officers appointed ... pursuant to the Consent [Decree] in this action, in any court or forum in any jurisdiction except this Court." January 17, 1990, Opinion & Order, 728 F.Supp. 1032, 1038 n. 5 (S.D.N.Y.) ("All Writs Act Decision"), *modification denied*, 735 F.Supp. 502 (S.D.N.Y.), *aff'd*, 907 F.2d 277 (2d Cir.1990). The Government argued that the instant litigation falls within the scope of the All Writs Act Decision because this litigation challenges, impedes, seeks review of or relief from, or seeks to prevent or delay acts of court officers appointed pursuant to the Consent Decree.

larged...." The decision to grant or deny a Rule 6(b) motion is left to the discretion of the district court. *See* F.R.C.P. 6(b).

■ In the instant case, because plaintiffs' counsel has not been admitted to practice before this Court, the instant motion is not properly before this Court, and therefore, should be denied. In relevant part, General Rule 2 of the Local Rules for the Southern District of New York states "[o]nly an attorney of this Court may enter appearances for parties." The papers in support of the instant Rule 6(b) motion were signed by Botti, who is not admitted to practice before this Court. Moreover, although plaintiffs were represented by local counsel when they submitted papers in opposition to the Government's motion for an injunction, no local counsel signed any of the papers in support of plaintiffs' Rule 6(b) motion. Because Botti violated the Local Rules by bringing a motion despite the fact that he is not admitted to practice before this Court, this Court holds that plaintiffs' Rule 6(b) motion is denied.

■ By submitting motion papers to this Court, Botti may have violated New York State's prohibition against the unauthorized practice of law. Under New York law, it is "unlawful for any natural person to practice or appear as an attorney-at-law or as an attorney and counselor-at-law for a person other than himself in a court ... without having first been duly and regularly licensed and admitted to practice law in the courts...." N.Y.Judiciary Law § 478 (McKinney 1996). This law prohibits the unauthorized practice of law in both New York State courts and federal courts in this state. *Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 165 (2d Cir.1965) ("unlawful practice includes counseling as well as court appearances.... [a]nd it extends to advice involving federal law as well as New York law....") (citations omitted), *cert. denied*, 385 U.S. 987, 87 S.Ct. 597, 17 L.Ed.2d 448 (1966); *In re Roel*, 3 N.Y.2d 224, 165 N.Y.S.2d 31, 35, 144 N.E.2d 24, 27 (1957) ("Thus persons or corporations engaging in the practice of Federal law have been found violating the statute [that prohibits the unauthorized practice of law.]") (citations omit-

ted); *see also In re Peterson*, 163 B.R. 665, 673 (Bankr.1994) ("The regulation of the right to practice law generally, unless otherwise prescribed by Congress, is traditionally left to the states.") (citations omitted). Moreover, in New York, the term "practice of law" includes "the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law." *In re Schwerzmann*, 408 N.Y.S.2d·187, 189 (App. Div.1978) (internal quotations omitted); *see also Spanos*, 364 F.2d at 165.

■ In the instant case, Botti's act of making a motion before this Court certainly constitutes "the practice of law." Because there is nothing in the record that indicates that Botti—who is an attorney in the State of Illinois—has been admitted to practice in New York State, there is a substantial possibility that Botti has violated New York's prohibition against the unauthorized practice of law. Unlike Botti's violation of the Local Rules for the Southern District of New York, a violation of New York State's prohibition against the unauthorized practice of law is a crime. *See* N.Y.Judiciary Law § 485 (McKinney 1983) (violation of N.Y.Judiciary Law § 478 is a misdemeanor).

■ Although an attorney who practices in the United States District Court for the Southern District of New York after being admitted to practice *pro hac vice* does not violate New York's prohibition against the unauthorized practice of law, *Spanos*, 364 F.2d at 167, Botti has not been admitted to practice before this Court *pro hac vice*. In fact, this Court previously denied an application to admit Botti *pro hac vice*. *United States v. International Bhd. of Teamsters, et al.*, 911 F.Supp. at 754.

■ Turning to Plaintiffs' counsel's current application to be admitted *pro hac vice*, this Court finds that the application suffers from defects similar to those in plaintiffs' Rule 6(b) motion. The decision to admit an attorney to practice *pro hac vice* rests with the discretion of the district court. *See Spanos*, 364 F.2d at 167. As discussed previously, before this Court will admit an attorney to practice *pro hac vice*, this Court must have

some reasonable assurance that such attorney is familiar with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, this Court's Individual Rules, and the customs and practices of this Court. In light of the actions that plaintiffs' counsel has taken in the instant litigation to date, this Court lacks such a reasonable assurance.

■ Not only did plaintiffs' counsel previously file a flawed application for admission *pro hac vice,* but the instant application is also deficient. Unlike the previous application for admission *pro hac vice,* which was brought by plaintiffs' local counsel, no lawyer admitted to practice before this Court brought the instant application. Rather, Botti signed all of the papers in support of the instant application to admit Botti, DeLongis, and Menna *pro hac vice.* Thus, like plaintiffs' Rule 6(b) motion, the instant motion for admission *pro hac vice* is not properly before this Court because this motion was made by an attorney who is not admitted to practice before this Court. Once again, Botti's act of bringing this motion may have violated New York State's law against the unauthorized practice of law.

While plaintiffs' counsel has twice represented to this Court in writing that they are familiar with practice before this Court, their actions have twice demonstrated that they lack even a basic understanding of how to proceed before this Court. This Court is troubled by the fact that neither DeLongis nor Menna—who practice law with Botti—realized that the two motions that Botti has sought to bring before this Court are improper for the simple reason that Botti is not admitted to practice in the Southern District of New York. It is remarkable that, like Botti, DeLongis and Menna failed to comprehend that Botti's actions in bringing motions before this Court may constitute a crime.

Although it is unusual to deny an application for admission *pro hac vice* with prejudice, this Court finds that such a denial is appropriate in the instant case. The interests of judicial economy militate against permitting attorneys who are not competent to practice before this Court to appear *pro hac vice.* After reviewing the past two submissions from plaintiffs' counsel, this Court finds that they are not competent to practice before this Court. Accordingly, it would be wasteful of both time and resources to review future applications for admission *pro hac vice.*

Finally, it must be noted that the fact that plaintiffs' attorneys submitted their motion for admission *pro hac vice* simultaneously with their Rule 6(b) motion in no way excuses plaintiffs' attorneys' conduct. By bringing a motion for admission *pro hac vice,* plaintiffs' attorneys seek the right to practice before this Court. It is axiomatic that unless and until that motion is granted, plaintiffs' attorneys may not practice before this Court. Yet, at the very same time that plaintiffs' attorneys sought to be admitted to practice before this Court, Botti brought the Rule 6(b) motion. Bringing such a motion obviously constitutes practice before this Court, and Botti should have sought admission *pro hac vice* before bringing the Rule 6(b) motion. Indeed, plaintiffs' attorneys had ample time to seek admission *pro hac vice.* In January of this year, this Court rejected the first application to admit plaintiffs' attorneys *pro hac vice. United States v. International Bhd. of Teamsters, et al.,* 911 F.Supp. at 754. In the almost three months that have elapsed since this Court filed that Opinion and Order, plaintiffs' attorneys made no attempt to seek admission *pro hac vice* until plaintiffs brought the Rule 6(b) motion.

### CONCLUSION

IT IS HEREBY ORDERED that plaintiffs' Rule 6(b) motion is DENIED.

IT IS FURTHER ORDERED that the application to admit Botti, DeLongis, and Menna to appear before this Court *pro hac vice* is DENIED WITH PREJUDICE.

SO ORDERED.