ERBACCI, CERONE, and MORIARTY, LTD., as Successor to, Erbacci, Syracuse & Cerone Ltd., Anthony G. Erbacci, and Jack P. Cerone, Individually and d/b/a Marble Insurance Agency, Plaintiffs,

v.

UNITED STATES of America; International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO; Charles M. Carberrry, as Investigations Officer; Frederick B. Lacey, as Independent Administrator; International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO, Local 738; International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO, Local 726; International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO, Local 727, Defendants.

No. 96 Civ. 1664 (DNE).

United States District Court,
S.D. New York.

April 22, 1996.

**300**

Aldo E. Botti, Peter M. DeLongis, Ronald D. Menna, Oakbrook, IL, Martin M. Schmuckler, New York City, for plaintiffs.

## OPINION & ORDER

EDELSTEIN, District Judge:

Plaintiffs move this Court to reconsider this Court's April 10, 1996, Memorandum and Order, in which this Court denied plaintiffs' motion to extend plaintiffs' time to file a response to defendants' various motions to dismiss and which denied with prejudice the application of plaintiffs' attorneys, Aldo E. Botti ("Botti"), Peter M. DeLongis ("DeLongis"), and Ronald D. Menna ("Menna") (collectively "plaintiffs' counsel" or "plaintiffs' attorneys"), for admission *pro hac vice.* Pursuant to Federal Rule of Civil Procedure ("Rule") 6(b)(2), plaintiffs also move this Court to extend plaintiffs' time to file responses to defendants' various motions to dismiss.

Plaintiffs' motions are denied for failure to comply with the Federal Rules of Civil Procedure, the United States District Courts for the Southern and Eastern Districts of New York Joint Rules for General, Civil, Criminal, Admiralty and Magistrate Judge Proceedings ("the Local Rules"), and this Court's Individual Rules. Plaintiffs' motions are also denied because they are meritless.

## BACKGROUND

Plaintiffs originally brought the instant case in the United States District Court for the Northern District of Illinois. Thereafter, the United States of America ("the Government") moved this Court to enjoin plaintiffs from pursuing this case in any court or forum other than this Court.[1] In response to

---

1. The Government asserted that plaintiffs should be enjoined from pursuing the instant litigation in any court or forum other than this Court because the instant litigation is related to this Court's oversight of the consent order ("the Consent Decree") in *United States v. International Bhd. of Teamsters, et al.,* 88 Civ. 4486. As part of this Court's oversight of the Consent Decree, and pursuant to this Court's authority under the All Writs Act, 28 U.S.C. § 1651(a), this Court enjoined all "local unions, joint councils, area conferences, and other entities affiliated with the IBT ... from filing or taking any legal action that challenges, impedes, seeks review of or relief from, or seeks to prevent or delay any act of any of the court officers appointed ... pursuant to the Consent [Decree] in this action, in any court or forum in any jurisdiction except this Court." January 17, 1990, Opinion & Order, 728 F.Supp. 1032, 1038 n. 5 (S.D.N.Y.) ("All Writs Act Decision"), *modification denied,* 735 F.Supp. 502 (S.D.N.Y.), *aff'd,* 907 F.2d 277 (2d. Cir.1990). The Government argued that the instant litigation falls within the scope of the All Writs Act Decision because this litigation challenges, impedes, seeks review of or relief from, or seeks to

the Government's motion, plaintiffs asserted that this Court should not issue an injunction. Moreover, plaintiffs' attorneys applied to this Court for admission *pro hac vice*. Plaintiffs' local counsel Martin M. Schmuckler ("Schmuckler" or "plaintiffs' local counsel")—who is admitted to practice before this Court—signed both plaintiffs' papers in response to the Government's motion for an injunction and the motion to admit plaintiffs' attorneys *pro hac vice*. In an Opinion and Order, dated January 19, 1996, this Court enjoined plaintiffs from pursuing the instant litigation in any court or forum other than this Court. *See United States v. International Bhd. of Teamsters, et al.,* 911 F.Supp. 743 (S.D.N.Y.1996).

In the same Opinion and Order, this Court also denied without prejudice plaintiffs' counsel's application for admission *pro hac vice*. This Court stated that "[b]efore plaintiffs' attorneys may appear before this Court, this Court must have some reasonable assurance that these attorneys are familiar with the Local Rules and this Court's Individual Rules." *Id.* at 754. This Court found that "[f]ar from demonstrating such familiarity, however, plaintiffs' attorneys have submitted papers that violate these rules." *Id.* Citing several violations of the Local Rules and this Court's Individual Rules in plaintiffs' papers, this Court expressed "grave doubts regarding the truthfulness of the statement that each of plaintiffs' attorneys made in his affidavit: 'I have read and am familiar with ... Rules of the United States District [sic] for the Southern and Eastern Districts of New York.'" *Id.* Moreover, this Court was "particularly troubled by the fact that plaintiffs' attorneys respectively made this representation to this Court 'on oath' in sworn affidavits." *Id.*

After this Court enjoined plaintiffs from pursuing the instant litigation in any court or forum other than this Court, the instant case was transferred to this Court from the United States District Court for the Northern District of Illinois. After this transfer, defendants respectively filed motions to dismiss. Defendants, however, set different return dates for their respective motions to

dismiss. These dates range from April 15, 1996, to May 1, 1996.

Plaintiffs then moved, pursuant to Rule 6(b), to extend plaintiffs' time to answer all of these motions to dismiss until May 8, 1996. *See Erbacci, et al. v. United States, et al.,* 923 F.Supp. 482 (S.D.N.Y.1996). Plaintiffs argued that "in order to promote judicial economy, this Court should set a unified date for plaintiffs' response to all of defendants' respective motions to dismiss." *Id.* at 484. Plaintiffs claimed "that many of the arguments that defendants raise in their respective motions are identical, and therefore, by filing one brief in response to all of these motions, plaintiffs could avoid the burden of preparing multiple submissions, and the Court could avoid the burden of reviewing such submissions." *Id.* At the same time that plaintiffs brought their Rule 6(b) motion, they also sought the admission of Botti, DeLongis, and Menna to appear *pro hac vice* in the instant litigation.

In a Memorandum and Order dated April 10, 1996, this Court denied plaintiffs' Rule 6(b) motion and denied with prejudice the application to admit Botti, DeLongis, and Menna *pro hac vice*. This Court noted that the papers in support of each application were not signed by any attorney admitted to practice before this Court, but rather were signed by Botti. This Court found that Botti's act of submitting papers to this Court without first being admitted to practice violated General Rule 2 of the Local Rules for the Southern District of New York. *Id.* at 484. Moreover, this Court noted that Botti's actions may have violated New York State's prohibition against the unauthorized practice of law. *Id.* at 484–86. Accordingly, this Court denied both plaintiffs' Rule 6(b) motion and the application to admit Botti, DeLongis, and Menna *pro hac vice*. This Court denied the *pro hac vice* application because this Court found that the errors in the two applications for admission *pro hac vice* that plaintiffs' counsel had submitted to this Court indicated that Botti, DeLongis, and Menna

prevent or delay acts of court officers appointed

pursuant to the Consent Decree.

"are not competent to practice before this Court." *Id.* at 486.

Currently before this Court are two motions brought by plaintiffs. First, plaintiffs bring a motion to reconsider this Court's April 10, 1996, Memorandum and Order. In this motion, plaintiffs ask this Court to reconsider both this Court's denial of plaintiffs' Rule 6(b) motion and this Court's denial of the application to admit Botti, DeLongis, and Menna to appear *pro hac vice.* Second, plaintiffs bring a motion pursuant to Rule 6(b)(2) to extend plaintiffs' time to respond to defendants' various motions to dismiss. All of the papers submitted in support of these motions were submitted by plaintiffs' local counsel.

This Court also received a submission from the attorneys representing defendant Charles M. Carberry ("Carberry"). (Letter from Robert W. Gaffey, Esq. to Honorable David N. Edelstein, United States District Judge for the Southern District of New York (April 16, 1996) ("Gaffey Letter") (on file with the Clerk of the United States District Court for the Southern District of New York).) In this submission, Carberry argues that plaintiffs' motions are flawed for several reasons: (1) plaintiffs' motions violate both the Local Rules and the Federal Rules of Civil Procedure because these motions were improperly served; (2) the copies of the motion papers that plaintiffs "served" on defendant Carberry have not been signed by any attorney representing plaintiffs; (3) the motion for reconsideration violates Local Rule 3(j); (4) plaintiffs' Rule 6(b)(2) motion violates Local Rule 3(c)(2); (5) plaintiffs' Rule 6(b)(2) motion violates this Court's Individual Rule 4(c); and (6) plaintiffs' Rule 6(b)(2) motion is meritless because plaintiffs have failed to demonstrate excusable neglect for their failure to file timely papers in response to defendant Carberry's Rule 12(b)(6) motion to dismiss. *See id.* at 1–4.

## DISCUSSION

Each of plaintiffs' motions will be discussed in turn.

### 1. *Reconsideration of Pro Hac Vice*

In support of the motion to reconsider this Court's denial of the motion to admit Botti, DeLongis, and Menna *pro hac vice,* plaintiffs

assert that the errors in their papers were caused by plaintiffs' attempt to comply with this Court's January 19, 1996, Opinion and Order, which plaintiffs assert was ambiguous. (Plaintiff's [sic] Memorandum of Law in Support of Motion to Reconsider, etc. ("Plaintiffs' Reconsideration Memo") at 3–4.) Plaintiffs claim that they "followed what appeared to be this Court's instructions over [sic] the Local Rules." *Id.* at 4.

Plaintiffs argue that this Court's January 19, 1996, Opinion and Order incorrectly found that plaintiffs had violated the Local Rules and this Court's Individual Rules in several ways. First, plaintiffs assert that "this Court noted that Plaintiffs' Illinois counsel did not comply with Local Civil Rule 1(b) in their Motion and affidavits which were attached as Exhibits thereto." *Id.* at 4. Plaintiffs assert that "Local Civil Rule 1(b) does not by its terms apply to affidavits attached in support of a Motion." *Id.*

Second, "[p]laintiffs' counsel takes disagrees [sic] with the contention that copies of the original Motion for Admission *Pro Hac Vice,* and the Response to the Government's Motion for Injunctive Relief were not provided to this Court in compliance with this Court's Individual Rule 1(b)." *Id.* (citing 911 F.Supp. at 753). Plaintiffs assert that local counsel "provided copies to this Court on the date the Motion and Response were filed." *Id.* Plaintiffs state that "[w]hen informed that the copies were missing, or could not be found by this Court's clerk, Plaintiffs' counsel suggested inadvertence on their part to relieve this Court's clerk of any potential embarrassment." *Id.; see also* (Affidavit of Martin M. Schmuckler, Esq. ¶ 5 ("Upon being informed that a copy had not been received by this Court, I informed the Court's clerk that it must have been inadvertent, despite knowing that copies had been delivered to this Court's chambers.").)

Third, plaintiffs argue that this Court's January 19, 1996, Opinion and Order improperly criticizes plaintiffs' attorneys for stating in their respective affidavits that each has read and is familiar with " 'Rules of the United States District [sic] for the Southern and Eastern District of New York.' " 911 F.Supp. at 753. This Court's Opinion states

that "[h]ad any of plaintiffs' attorneys reviewed the title of the rules that he claims to have read and to be familiar with, he would have discovered that these rules are entitled 'United States District Courts for the Southern and Eastern District of New York Joint Rules for General, Civil, Criminal, Admiralty and Magistrate Judge Proceedings.'" *Id.* Plaintiffs contend that their attorneys did not err because "that quoted phrase, including the typographical error is in Local General Rule 2(a)(6)(e)." (Plaintiffs' Reconsideration Memo at 4–5.)

Plaintiffs assert "[i]t is given this background that the ambiguity in this Court's January 19, 1996, Order becomes apparent." *Id.* at 5. Plaintiffs assert that "[i]n footnote 4, this Court notes that Plaintiffs brought the Motion for Admission *Pro Hac Vice* 'by and through' their local counsel." *Id.* Plaintiffs assert that this footnote "struck all attorneys as incongruous, and in apparent conflict with Local Civil Rule 2(c)." *Id.* Plaintiffs assert that "in order to fully comply with this Court's January 19, 1996, Order, Plaintiffs corrected all of the errors this Court apparently noted, including the fact that the original Motion for Admission *Pro Hac Vice* was brought 'by and through' their local counsel." *Id.*

Plaintiffs claim that they attempted to comply with this Court's January 19, 1996, Opinion and Order by bringing the second motion for admission *pro hac vice* "by Illinois counsel, and not local counsel." *Id.* Plaintiffs argue that their "failure to have local counsel bring the Motion for Admission *Pro Hac Vice* ... predicated this Court's denial of the Motion for Admission *Pro Hac Vice* with prejudice." *Id.* Plaintiffs claim that "[t]here was no intention to have anyone engage in the unauthorized practice of law, as this Court's April 10, 1996, order suggests. Nor was there any intention, except to fully comply with all rules, as interpreted by this Court's January 19, 1996, Order." *Id.* at 5–6.

Having reviewed all of the papers that plaintiffs submitted in support of the instant motion, this Court holds that plaintiffs' motion for reconsideration of the application to admit plaintiffs' counsel *pro hac vice* is denied for failure to comply with the Federal Rules of Civil Procedure, the Local Rules, and this Court's Individual Rules. Moreover, this Court holds that plaintiffs' motion is denied because it is entirely meritless.

■ Plaintiffs' motion papers contain multiple violations of the various rules that govern litigation before this Court. First, plaintiffs violated Federal Rule of Civil Procedure 5 by attempting to serve the instant motion by facsimile. (*See* Certificate of Service attached to Plaintiffs' Notice of Motion To Reconsider, etc. (April 15, 1996) ("a copy of the foregoing notice and attachments were served upon the attorneys of record on the attached Service List, via facsimile and by mailing").) Rule 5(b) governs the methods by which papers in a federal civil suit may be served. *See* F.R.C.P. 5(b). Although Rule 5(b) provides for service by mail, it does not authorize service by facsimile.

■ Second, plaintiffs violated the combined provisions of Federal Rule of Civil Procedure 6(e) and Local Civil Rule 3(c)(2) by setting April 30, 1996, as the return date of the instant motion. Local Rule 3(c)(2) states: "in all civil motions ... the notice of motion, supporting affidavits, and memoranda of law shall be served at least fifteen days before the return day...." Federal Rule of Civil Procedure 6(e) states: "Whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or the paper upon the party and the notice or paper is served upon the party by mail, *3 days shall be added to the prescribed period.*" Adding the fifteen-day period that Local Civil Rule 3(c)(2) requires to the three-day period that Federal Rule of Civil Procedure 6(e) prescribes, a party that affects service of a motion by mail must set the return date for that motion at least eighteen days after the date of filing of that motion. In the instant case, because plaintiffs filed the instant motion on April 15, 1996, and served the papers in support of that motion by mail, plaintiffs' return date of April 30, 1996, violates the aforementioned rules.

■ Third, plaintiffs' motion papers violate Local Civil Rule 3(j) in three respects. Although plaintiffs styled the instant motion

as a motion "to reconsider," the instant motion is subject to the provisions of Local Civil Rule 3(j). *See Softel, Inc. v. Dragon Medical & Scientific Communications Ltd.*, 87 Civ. 0167, 1995 WL 75490 at *6 (S.D.N.Y. Feb. 23, 1995) (finding that plaintiff's motion for reconsideration violates Local Civil Rule 3(j)); *Puglisi v. Underhill Taxpayers Ass'n*, 159 F.R.D. 416, 418 (S.D.N.Y.1994) (finding that defendant's motion for reconsideration violates Local Civil Rule 3(j)). In relevant part, Local Civil Rule 3(j) states:

> A notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion.... There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.... No affidavits shall be filed by any party unless directed by the court.

As an initial matter, plaintiffs have violated the Local Rule 3(j)'s requirement that a motion for reargument "shall be served within ten (10) days after the docketing of the court's determination of the original motion." Although plaintiffs claim to seek a reconsideration of this Court's April 10, Memorandum and Order, their arguments in support of the motion for reconsideration assert that this Court's January 19, 1996, Opinion and Order was flawed. Thus, because plaintiffs ask this Court to reconsider the substance of the January 19, 1996, Opinion, plaintiffs should have brought the instant motion within ten days of the docketing of that Opinion.

■ Plaintiffs also failed to comply with Local Civil Rule 3(j) because they submitted three affidavits in support of their motion for reconsideration, despite the rule's mandate that "[n]o affidavits shall be filed by any party unless directed by the court." Because this Court did not direct any party to file any affidavit, plaintiffs violated Local Civil Rule 3(j). Moreover, plaintiffs violated this rule because their memorandum of law does not contain a concise statement of "the matters or controlling decisions which counsel believes the court has overlooked." Rather, as defendant Carberry correctly points out, plaintiffs' memorandum "cites no 'matters or

controlling decision' the Court may have 'overlooked'.... [but rather] it repeats at length the procedural history of this case, asserts the Court's April 10, 1996 Order was wrong, and purportedly 'supports' that contention with references to plaintiffs' new, improperly submitted, affidavits." (Gaffey Letter at 3.)

■ Fourth, plaintiffs' notice of motion violates this Court's Individual Rule 4(a), which states in relevant part "[t]he notice of motion must specify the rule or statute on which it is based, or, if it is not based on any specific rule or statute, then the notice must state that fact." In the instant case, although plaintiffs have brought a motion for reconsideration, their notice of motion fails to cite any rule or statute on which this motion is based, and it fails to state that the instant motion is not based on any rule or statute. Rather, the notice of motion cites the provisions of the Federal Rules and of this Court's Individual Rules that address motions for an extension of time. (*See* Notice of Motion To Reconsider, etc. (citing F.R.C.P. 6(b) and this Court's Individual Rules 2(a) and 2(b).) Because the instant motion is styled as a "Motion To Reconsider," it is not a motion for an extension of time. Thus, plaintiffs erred in citing the rules that govern motions for an extension of time.

Finally, it must be noted that plaintiffs delivered unsigned courtesy copies of the instant motion papers to Chambers. Although plaintiffs have not violated the explicit provisions of this Court's Individual Rule 1(b) by delivering unsigned courtesy copies to Chambers, plaintiffs' actions are contrary to the customs and practices of this Court. Plaintiffs are instructed that, in the future, when plaintiffs send courtesy copies of papers to this Court, plaintiffs shall send copies of the signed originals that plaintiffs have filed with the Clerk of the United States District Court for the Southern District of New York.

The instant motion for reconsideration not only suffers for severe procedural defects, it also is entirely meritless. Having discussed at some length the procedural problems with the instant motion, this Court now turns its

attention to the "merits" underlying this motion.

As previously discussed, plaintiffs argue that despite the fact that Botti was not admitted to practice before this Court, Botti signed all of the papers in support of the motion to admit Botti, DeLongis, and Menna *pro hac vice* in an attempt to comply with this Court's January 19, 1996, Opinion and Order. Plaintiffs assert that this Opinion and Order stated in footnote number four "that Plaintiffs brought the Motion for Admission *Pro Hac Vice* 'by and through' their local counsel." (Plaintiffs' Reconsideration Memo at 5.) Plaintiffs claim that this footnote "struck [them] as incongruous" and thus "in order to fully comply with this Court's January 19, 1996, Order, Plaintiffs corrected all of the errors this Court apparently noted, including the fact that the original Motion for Admission *Pro Hac Vice* was brought 'by and through' their local counsel." *Id.*

Plaintiffs' argument is meritless for several reasons. Footnote four of the January 19, 1996, Opinion and Order states that Botti, DeLongis, and Menna sought admission *pro hac vice* "by and through" their local counsel because that is exactly how plaintiffs, themselves, described their application. The memorandum of law that plaintiffs submitted to this Court states: "Now come Aldo E. Botti, Peter M. DeLongis and Ronald D. Menna, *by and through Martin L. Schmuckler*, and hereby move this Honorable Court for the entry of an Order admitting them *pro hac vice*." (Motion of Aldo E. Botti, *et al.* To Be Admitted *Pro Hac Vice*, etc. at 1 (September 7, 1995).) Thus, plaintiffs' attorneys now assert that they were confused by "ambiguous" and "incongruous" language that they, themselves, selected. Plaintiffs' attorneys' failure to understand their own words does not constitute a valid basis on which to predicate a motion for reconsideration.

Moreover, plaintiffs' argument regarding allegedly ambiguous language in this Court's January 19, 1996, Opinion and Order is solely based on a tortured reading of that Opinion by plaintiffs' counsel, who have attempted to conjure an argument by employing methods of torture that Dante would hesitate to in-

vent. Although plaintiffs assert that this Court criticized them for bringing the instant motion "by and through" local counsel, the Opinion and Order cannot reasonably be interpreted as criticizing plaintiffs' counsel on this ground. The footnote in question states: "Plaintiffs' attorneys bought this motion 'by and through' plaintiffs' local counsel, Martin L. Schmuckler." 911 F.Supp. at 753 n. 4. This footnote annotates a sentence that reads: "Plaintiffs' attorneys Aldo E. Botti, Peter M. DeLongis, and Ronald D. Menna move this Court to admit them to practice *pro hac vice*." *Id.* at 753. The sentence and its accompanying footnote are part of a paragraph that is entirely devoted to a discussion of the procedural history of the *pro hac vice* motion. *Id.* Far from criticizing plaintiffs' counsel, the sentence and the accompanying footnote merely recount the procedural history of that motion. Further, it was necessary to note that the motion was brought "by and through" local counsel because it would have been improper for any attorney not admitted to practice in the Southern District of New York to bring a motion before this Court. This Court selected the "by and through" language because plaintiffs, themselves, used that language, and this Court put that language in quotes in order to avoid confusion because it seemed to be an archaic usage.

Although the January 19, 1996, Opinion and Order is critical of plaintiffs' counsel for violating Local Civil Rule 1(b) and this Court's Individual Rule 1(b) and for signing sworn affidavits in which counsel claim to be familiar with these rules, the Opinion does not criticize plaintiffs' counsel for bringing the *pro hac vice* application "by and through" local counsel. Plaintiffs have not even attempted to explain what language they view as critical. Instead, plaintiffs' counsel have merely asserted that they attempted to "correct all of the errors this Court apparently noted, including the fact that the original Motion for Admission *Pro Hac Vice* was brought 'by and through' their local counsel." (Plaintiffs' Reconsideration Memo at 5.)

Plaintiffs also raise a meritless claim in arguing that this Court's January 19, 1996, Opinion and Order erred in asserting that plaintiffs violated the Local Rules and this

Court's Individual Rules. Plaintiffs claim that this Court's Opinion thrice erred in asserting that plaintiffs' motion papers violated these rules. Plaintiffs assert that "[i]t is given this background that the ambiguity in this Court's January 19, 1996, Order becomes apparent." *Id.* at 5.

Plaintiffs' argument is meritless for two reasons. First, plaintiffs entirely fail to explain how the alleged errors in this Court's January 19, 1996, Opinion and Order provide any "background" which either makes that Opinion appear ambiguous or which supports plaintiffs' tortured reading of the Opinion. The alleged errors are wholly unrelated to the fact that plaintiffs' counsel sought admission *pro hac vice* "by and through" local counsel. The January 19, 1996, Opinion and Order does not criticize plaintiffs for bringing the *pro hac vice* application "by and through" local counsel, but rather it simply notes that other aspects of plaintiffs' counsel's practice violated the Local Rules and this Court's Individual Rules. *See* 911 F.Supp. at 753–54. Instead of explaining how this "background" is relevant, plaintiffs have merely asserted that this Court's January 19, 1996, Opinion and Order erroneously concludes that plaintiffs' counsel violated the Local Rules and this Court's Individual Rules. Based on this alleged error, they draw the unrelated conclusion that counsel who was not admitted to practice before this Court could bring a motion to admit plaintiffs' counsel *pro hac vice.*

Second, plaintiffs' argument is meritless because this Court's January 19, 1996, Opinion and Order did not err in asserting that plaintiffs' attorneys violated the Local Rules and this Court's Individual Rules. As previously discussed, plaintiffs claim that this Court erred in asserting that the affidavits that plaintiffs' Illinois counsel submitted violated Local Rule 1(b). Plaintiffs argue that "Local Civil Rule 1(b) does not by its terms apply to affidavits attached in support of a Motion." (Plaintiffs' Reconsideration Memo at 4.) Yet, Local Civil Rule 1(b) applies to "[a]ll pleadings, motions, and other papers that are submitted for filing." Certainly, the affidavits in question were "other papers submitted for filing." Moreover, plaintiffs entirely fail to mention that the Opinion and

Order also found that plaintiffs' counsel submitted a memorandum of law that violated Local Civil Rule 1(b). 911 F.Supp. at 753.

Plaintiffs also challenge the January 19, 1996, Opinion and Order's finding that plaintiffs violated the Court's Individual Rule 1(b) by failing to provide courtesy copies of their motion papers to Chambers. 911 F.Supp. at 753. Plaintiffs claim that local counsel "provided copies to this Court on the date the Motion and Response were filed." (Plaintiffs' Reconsideration Memo at 4.) Plaintiffs' local counsel asserts that "[u]pon being informed that a copy had not been received by this Court, I informed the Court's clerk that it must have been inadvertent, despite knowing that copies had been delivered to this Court's chambers." (Affidavit of Martin M. Schmuckler, Esq. ¶ 5.)

■ Although plaintiffs' counsel have attempted to create an issue of fact as to whether they complied with this Court's Individual Rule 1(b), this Court does not need to conduct a hearing to determine whether plaintiffs' attorneys, in fact, complied with that rule because plaintiffs' counsel is estopped from raising this issue. As he admits in his affidavit, plaintiffs' local counsel represented to Chambers that he had not delivered courtesy copies to Chambers as required by Individual Rule 1(b). Having made this representation to Chambers, local counsel is estopped from denying the truth of his own statement. Moreover, this Court is deeply troubled by the fact that local counsel now asserts that he made a deliberate misrepresentation to Chambers. Counsel is warned that any misrepresentation during the course of a litigation before this Court is an invitation to sanctions. Counsel disregards this warning at his peril, even where counsel's alleged motivation is "to relieve this Court's clerk of any potential embarrassment." (Plaintiffs' Reconsideration Memo at 4.)

Plaintiffs assert that the January 19, 1996, Opinion and Order improperly criticizes plaintiffs attorneys for stating in their respective affidavits that each has read and is familiar with " 'Rules of the United States District [sic] for the Southern and Eastern District of New York.' " 911 F.Supp. at 753.

The Opinion and Order notes that plaintiffs' counsel failed to refer to these rules by their proper title. Plaintiffs contend that the "quoted phrase, including the typographical error is in Local General Rule 2(a)(6)(e)." (Plaintiffs' Reconsideration Memo at 4–5.) Plaintiffs' assertion is meritless because, once again, plaintiffs' counsel have failed to read their own papers carefully. Although plaintiffs' counsel have discovered a typographical error in General Rule 2(a)(6)(e) ("Rules of the United States District Court [sic] for the Southern and Eastern District of New York"), plaintiffs' counsel fail to realize that the typographical error in each of their respective affidavits is different from the error in General Rule 2(a)(6)(e). (*See* Affidavits of Aldo E. Botti, Peter M. DeLongis, and Ronald D. Menna ¶ 6(e) (claiming familiarity with "Rules of the United States District [sic] for the Southern and Eastern Districts of New York").)

As the foregoing discussion makes painfully clear, the instant motion for reconsideration of this Court's denial of the application to admit Botti, DeLongis, and Menna *pro hac vice* is both procedurally flawed and meritless. Accordingly, the instant motion is denied with prejudice.

### 2. *Reconsideration of Rule 6(b) Motion*

Plaintiffs also move this Court to reconsider the April 10, 1996, Memorandum and Order's denial of plaintiffs' Rule 6(b)(1) motion to extend plaintiffs' time to file papers in response to the various motions to dismiss brought by defendants. The April 10, 1996, Memorandum and Order denied plaintiffs' Rule 6(b)(1) motion because the papers submitted in support of that motion were submitted by Botti, who is not admitted to practice before this Court. *Erbacci*, 923 F.Supp. at 484 ("because plaintiffs' counsel has not been admitted to practice before this Court, the instant motion is not properly before this Court"). In denying, plaintiffs' Rule 6(b)(1) motion, which plaintiffs' brought simultaneously with their *pro hac vice* application, this Court stated: "it must be noted that the fact that plaintiffs' attorneys submitted their motion for admission *pro hac vice* simulta-

neously with their Rule 6(b) motion in no way excuses plaintiffs' attorneys' conduct." *Id.* at 486. This Court found that plaintiffs' attorneys could not bring the Rule 6(b)(1) until after they had been admitted to practice before this Court. *See id.*

Noting that the April 10, 1996, Memorandum and Order did not consider the merits of their Rule 6(b)(1) motion, plaintiffs argue that "this Court erred in denying Plaintiffs' Motion for Admission *Pro Hac Vice*, based upon an ambiguity created in this Court's January 19, 1996, Order." (Plaintiffs' Reconsideration Memo at 7.) Plaintiffs assert that "[u]pon consideration of the Motion to Consolidate and Extend Time, this Court should exercise its discretion and grant Plaintiffs [sic] Motion." *Id.*

Like plaintiffs' motion to reconsider this Court's denial of plaintiffs' *pro hac vice* application, the instant motion violates many of the rules governing litigation before this Court. First, plaintiffs violated Federal Rule of Civil Procedure 5 by attempting to serve the instant motion by facsimile. Second, plaintiffs violated the combined provisions of Federal Rule of Civil Procedure 6(e) and Local Civil Rule 3(c)(2) by setting April 30, 1996, as the return date of the instant motion. Third, plaintiffs violated Local Civil Rule 3(j) by submitting affidavits in support of the instant motion for reconsideration, despite the fact that this Court did not direct plaintiffs to file such affidavits. Fourth, plaintiffs violated Local Civil Rule 3(j) by failing to submit "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The memorandum of law submitted in support of the instant motion is entirely deficient because it simply asks this Court to reverse the April 10, 1996, Memorandum and Order without providing any authority that demonstrates that this Court erred in denying plaintiffs' Rule 6(b)(1) motion. Fifth, plaintiffs' Notice of Motion violates this Court's Individual Rule 4(a) by failing to cite the rule or statute on which it is predicated, or by failing to state that it is not brought pursuant to any specific rule or statute. Finally, contrary to the customs or practices of this Court, plaintiffs delivered

unsigned courtesy copies of the instant motion papers to Chambers.

■ Plaintiffs' motion is also meritless. Plaintiffs do not even attempt to argue that this Court erred in ruling that their Rule 6(b) motion was not properly before this Court. Instead, plaintiffs argue "this Court erred in denying Plaintiffs' Motion for Admission *Pro Hac Vice*, based upon an ambiguity created in this Court's January 19, 1996, Order." (Plaintiffs' Reconsideration Memo at 7.) Plaintiffs entirely fail to explain why the denial of the *pro hac vice* application is relevant to this Court's denial of the Rule 6(b) motion. This failure is particularly troubling in light of the fact that the April 10, 1996, Memorandum and Order noted that Botti's simultaneous filing of an application for admission *pro hac vice* does not excuse his act of filing a Rule 6(b) motion without being admitted to practice before this Court. *See* 911 F.Supp. at 754. Moreover, plaintiffs' counsel has not provided any authority that might challenge this Court's ruling that the Rule 6(b) motion was not properly before this Court because the attorney who brought that motion was not admitted to practice in this district.

After reconsidering this Court's April 10, 1996, Memorandum and Order, this Court finds that the Memorandum correctly denied plaintiffs' Rule 6(b) motion. Plaintiffs' motion was not properly before this Court because it was brought by an attorney who is not admitted to practice before this Court. Plaintiffs' motion to reconsider this Court's denial of plaintiffs' Rule 6(b) motion is denied with prejudice.

### *3. Rule 6(b)(2) Motion*

Pursuant to Federal Rule of Civil Procedure 6(b)(2), plaintiffs move this Court to extend plaintiffs' time to respond to the various motions to dismiss that defendants respectively filed in the instant case. Because plaintiffs' deadline for filing papers in opposition to defendant Carberry's and defendant Frederick B. Lacey's respective motions to dismiss has passed, plaintiff brings the instant motion pursuant to Rule 6(b)(2).

■ Under Rule 6(b)(2), a court may grant an extension of time "upon [a] motion made after the expiration of the specified period" if "the failure to act was the result of excusable neglect." In order to establish excusable neglect, "[t]he moving party must show both good faith and a reasonable basis for not acting within the specified period." *In re Del–Val Financial Corp. Sec. Lit.,* 154 F.R.D. 95, 96 (S.D.N.Y.1994) (citations omitted); *see also In re Prudential Sec. Inc., Ltd. Partnerships Lit.,* 158 F.R.D. 301, 303–04 (S.D.N.Y.1994) (" 'A finding of excusable neglect under Rule 6(b)(2) requires both a demonstration of good faith by the parties seeking the enlargement and a reasonable basis for not complying with the specified period.' ") (quoting *Bruno v. Cook,* 1990 WL 605344 at *2, 1990 U.S.Dist. LEXIS 1497 at *5 (S.D.N.Y.1990)).

In the instant case, plaintiffs claim that "the unique history which preceded the instant Motion" demonstrates excusable neglect. (Plaintiff's [sic] Memorandum of Law in Support of Federal Rule of Civil Procedure 6(b)(2) Application To Extend Time ("Plaintiffs' 6(b)(2) Memo") at 5.) On April 2, 1996, Plaintiffs' attorneys filed a Rule 6(b) motion, seeking to extend their time to file papers in response to defendants' respective motions to dismiss until May 8, 1996. Plaintiffs state that "[a]t approximately 2:00 p.m., E.S.T., Friday April 5, 1996, the Plaintiffs' attorneys were informed that this Court would be issuing its order on Plaintiffs' Motion to Consolidate and Extend and on their Motion for their out-of-state attorneys' to be Admitted *pro hac vice* later that day." *Id.* Plaintiffs further claim that "[t]heir attorneys were not informed until approximately 5:15 p.m., E.S.T., on Friday April 5, 1996, that this Court would not rule on the motions until Monday April 8, 1996, due to the fact that the Clerk's office had closed for the weekend." *Id.* Plaintiffs claim that Menna, who "was the only person present in the office, ... worked diligently to have the Response ready to be filed, in case the Court ruled adversely on Monday, April 8, 1996." *Id.* Plaintiffs assert that Menna "worked ... until 10:00 p.m. ... on April 5, 1996; and worked on the brief from 9:00 E.S.T. until 6:00 E.S.T., on April 6, 1996, whereupon he

traveled to Indiana, to be with his family to celebrate the Easter holiday." *Id.* Plaintiffs state that "[d]espite the fact that April 7, 1996, was Easter, one of the holiest days in Plaintiffs' attorney's religion, he spent several hours working on this matter, to attempt to comply with any ruling which might have been given on April 8, 1996." *Id.*

Plaintiffs contend that Menna contacted Chambers twice on April 8, 1996, and was informed that the Court was working on plaintiffs' motion for an extension of time. *Id.* at 6. Plaintiffs contend that on April 10, 1996, "this court contacted Plaintiffs' Illinois attorneys' office and informed them that the order was ready for pick up, but would not inform them of the contents of the order due to this Court's rules." *Id.* Plaintiffs assert that on April 10, 1996, local counsel sent a messenger to Chambers to pick up a copy of the Opinion and Order and that local counsel transmitted a copy of this Opinion and Order to Illinois counsel on April 11, 1996. *Id.*

Plaintiffs argue that "[t]here is no prejudice to the Defendants in granting this extension of time." *Id.* Moreover, plaintiffs contend that they have "meritorious defenses to the Motions to dismiss." *Id.* at 7. In support of their argument, plaintiffs cite, *Combustion Engineering, Inc. v. Miller Hydro Group*, 739 F.Supp. 666 (D.Me.1990), which stands for the proposition that a party's reliance on inaccurate information provided by a court constitutes excusable neglect.

In opposition to the instant motion, defendant Carberry asserts that plaintiffs have failed to demonstrate excusable neglect. Defendant Carberry asserts that although plaintiffs had from March 28, 1996, to April 8, 1996, to file response papers, plaintiffs filed an application for an extension of time and "waited, apparently presuming their application to extend time would be granted." (Gaffey Letter at 3.) Defendant Carberry argues that plaintiffs "did not begin to prepare a response until April 5, when their Illinois counsel Mr. Menna learned that plaintiffs' motion for an extension had not yet been decided." *Id.* Moreover, defendant Carberry asserts that despite Menna's claim that he worked "at least thirteen hours on a response on April 5 and 6, and several hours

more on April 7," on April 8 plaintiffs filed no response, "although their motion to extend had not been decided." *Id.* at 4. Defendant Carberry contends that "[p]laintiffs [sic] failure to respond to the motion was dilatory, not excusable," in view of the fact that "[t]he issues raised in [defendant Carberry's] motion to dismiss were concise and based on settled law." *Id.*

After reviewing the parties' respective submissions, this Court finds that plaintiffs' Rule 6(b)(2) motion should be denied. Plaintiffs' have again submitted a motion that both violates the rules governing litigation before this Court and is devoid of merit.

 Plaintiffs' motion violates the Federal Rules of Civil Procedure, the Local Rules, and this Court's Individual Rules. Like plaintiffs' motions for reconsideration, the instant motion violates Federal Rule of Civil Procedure 5 because plaintiff attempted to serve this motion by facsimile. Moreover, the instant motion violates Local Civil Rule 3(c)(2), which states in relevant part "in all civil motions ... the notice of motion, supporting affidavits, and memoranda of law shall be served at least fifteen days before the return day...." Plaintiffs' notice of motion sets no return date, but rather, it states that "Plaintiffs' will move this ... Court ... forthwith" and "OPPOSING PARTIES SHOULD COMMUNICATE THEIR RESPONSES TO THE COURT FORTHWITH." (Plaintiffs' Notice of Motion for Application for Extension of Time, etc.) Plaintiffs also violated this Court's Individual Rule 4(c), which states in relevant part: "For all motions ... the moving party must request the court by telephone or in writing to schedule a pre-motion conference." Although plaintiffs' counsel telephoned Chambers and requested a pre-motion conference prior to bringing plaintiffs' motion for reconsideration, plaintiffs' counsel failed to mention that plaintiffs intended to bring a Rule 6(b)(2) motion, and plaintiffs' counsel failed to request a pre-motion conference for the instant motion.

 Plaintiffs' motion also is meritless because plaintiffs have not demonstrated that their failure timely to file papers in opposi-

tion to defendant Carberry's and defendant Lacey's respective motions to dismiss was caused by excusable neglect. As previously discussed, in order to demonstrate excusable neglect plaintiffs "must show both good faith and a reasonable basis for not acting within the specified period." *In re Del–Val,* 154 F.R.D. at 96 (citations omitted). In the instant case, plaintiffs have failed to show any reasonable basis for failing to file their papers on time.

As defendant Carberry correctly points out, although plaintiffs' attorneys had ample time to file opposition papers, they failed to do so. Plaintiffs' attorneys had from March 28, 1996, until April 8, 1996, to file their response papers. During this time, Menna claims to have spent a substantial amount of time preparing response papers. This Court agrees with defendant Carberry that in view of the fact that defendant Carberry's and Defendant Lacey's motions to dismiss are not lengthy and are based on settled law, it appears that defendants' counsel could have prepared response papers quickly. Yet, despite the time that defense counsel had to prepare response papers and despite Menna's efforts, plaintiffs failed to file these papers by the April 8th deadline.

The mere fact that plaintiffs' Rule 6(b) motion was *sub judice* when the April 8th deadline passed does not establish a reasonable excuse for plaintiffs' failure to file timely response papers. As previously stated, plaintiffs filed the Rule 6(b) motion on April 2, 1996. Apparently plaintiffs either assumed that this Court would grant their Rule 6(b) motion or believed that the mere act of bringing such a motion tolled the deadline for their time to file response papers. Plaintiffs' counsel failed to comprehend that unless and until this Court grants them an extension of time, they must comply with the deadlines established by the Local Rules. Since no extension of time had been granted by April 8, 1996, plaintiffs should have filed their response papers on that date. Indeed, in view of the dedication and diligence that plaintiffs claim Menna exhibited by working over the Easter holiday to prepare plaintiffs' response papers, it is curious that plaintiffs did not file these papers on April 8th.

Moreover, plaintiffs' counsel's argument that Chambers staff provided misinformation regarding the Rule 6(b) motion is meritless. Plaintiffs counsel claim to have relied on representations from Chambers staff that this Court would issue a ruling on their Rule 6(b) motion on April 5, 1996. Likewise, plaintiffs counsel claim to have relied on a representation that the Court would issue a ruling on April 8, 1996. Plaintiffs' counsel argue that they relied on inaccurate information provided by Chambers staff and that such reliance constitutes a reasonable basis for plaintiffs' failure to file their papers on April 8, 1996.

By asserting that plaintiffs' failure to comply with the April 8th deadline was caused by errors made by Chambers staff, plaintiffs' counsel have attempted to create an issue of fact as to whether they justifiably relied on allegedly inaccurate information. This Court need not hold a hearing on this matter because even if this Court were to accept plaintiffs' allegations as true, plaintiffs have failed to demonstrate excusable neglect. Although plaintiffs' counsel claims that Chambers staff represented that a decision on plaintiffs' Rule 6(b) motion would be forthcoming on April 5, and again repeated this statement on April 8, plaintiffs' counsel does not allege that Chambers staff ever represented that plaintiffs' motion for an extension of time had been granted or would be granted. The mere fact that Chambers allegedly represented to plaintiffs' counsel that this Court's decision on the Rule 6(b) motion was forthcoming neither indicates that this Court would grant plaintiffs' Rule 6(b) motion nor does it permit plaintiffs' counsel to disregard the April 8 deadline.

Moreover, plaintiffs' reliance *Combustion Engineering, Inc. v. Miller Hydro Group,* 739 F.Supp. 666 (D.Me.1990) is misplaced. In *Combustion,* "defense counsel's secretary called the office of the Clerk of Court seeking guidance on the due date for objections to the Magistrate's order and was informed that three days would be added to the ten prescribed...." *Id.* at 668. The information that the Clerk of Court provided was inaccurate, however, and accordingly the Court held that "[c]ounsel's reliance on the informa-

tion mistakenly provided by the Court is excusable neglect." *Id.* at 669. The allegations in the instant case differ from the facts in *Combustion* in one crucial respect—defense counsel makes no claim that Chambers staff made any representations as to the due date of plaintiffs' response papers. Rather, counsel asserts that Chambers staff made representations regarding when a motion for an extension of time would be decided, and counsel does not claim that Chambers staff ever represented that the motion would be granted. Thus, even if counsel had relied on the allegedly inaccurate information, the fact remains that counsel faced an April 8th deadline for filing papers, and counsel missed that deadline.

Finally, it must be noted that in support of both the instant motion and the motion for reconsideration, plaintiffs' counsel has employed the disingenuous tactic of arguing that errors by Chamber's staff justify granting the motion. In analyzing plaintiffs' arguments, this Court has assumed, *arguendo,* that all of the allegations that plaintiffs' counsel have levelled at Chambers staff are true. However, in light of the slipshod and disingenuous practice that plaintiffs' attorneys have demonstrated throughout this litigation, this Court has grave doubts regarding the veracity of their claims that Chambers staff made any errors.

### CONCLUSION

This Court holds that plaintiffs' motion to reconsider should be denied with prejudice. This Court holds that plaintiffs' Rule 6(b)(2) motion should be denied with prejudice. Because plaintiffs' meritless motions regarding this matter have already consumed a substantial quantity of this Court's time and resources, this Court will not entertain any further motions regarding these matters, regardless of the procedural vehicles by which they are brought. Any attempt by counsel to revisit these issues will result in sanctions.

IT IS HEREBY ORDERED that plaintiffs' motion to reconsider the application to admit Botti, Delongis, and Menna *pro hac vice* is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED that plaintiffs' motion to reconsider this Court's denial of plaintiffs' Rule 6(b) motion is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED that plaintiffs' Rule 6(b)(2) motion is DENIED WITH PREJUDICE.

SO ORDERED.