In re Stacia L. YONCE, Debtor.

No. 02–10957.

United States Bankruptcy Court, D. Vermont.

Oct. 7, 2002.

Rebecca A. Rice, Rutland, VT, for Debtor.

## *ORDER*

COLLEEN A. BROWN, Bankruptcy Judge.

WHEREAS Attorney Robert I. Morgan is not admitted to practice before the federal courts in the District of Vermont and has been admitted *pro hac vice* in at least one prior case before this Court; and

WHEREAS on July 31, 2002, Attorney Robert I. Morgan filed a papers captioned as Debtor's Motion to Extend Time to File Chapter 13 Plan (doc. # 3–1) *before* Attorney Michael Kainen filed a Motion to Appear *Pro Hac Vice* (doc. # 4–1) which sought to have Attorney Robert I. Morgan admitted to practice before this Court in connection with this case; and

■ WHEREAS it is in the Court's discretion to decide whether to admit an attorney *pro hac vice, see Erbacci, Cerone, and Moriarty, Ltd. v. United States*, 923 F.Supp. 482, 485 (S.D.N.Y.1996) (citing *Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 167 (2d Cir.1965));

■ THE COURT HEREBY FINDS that based, *inter alia*, upon the disclosures set forth in the affidavit of Attorney Robert I. Morgan, the performance of Attorney Robert I. Morgan before this Court to date, and the fact that Attorney Robert I. Morgan filed papers in this case prior to the entry of an order granting his admission *pro hac vice* in this case, the Court has sufficient grounds to deny the subject motion.

IT IS THEREFORE ORDERED that, pursuant to 11 U.S.C. § 105 and this court's inherent power to determine admission of attorneys who appear before it,

1.) the Motion to Appear *Pro Hac Vice* is denied; and

2.) the Debtor shall have 15 days from the date of this Order to find counsel who will proceed with this chapter 13 case and who will adopt the papers filed to date herein as his or her own, or replace them.

**SO ORDERED.**